Revised 03/06 WDNY

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

### FORM TO BE USED IN FILING A COMPLAINT
### UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983
(Prisoner Complaint Form)

*Amended*

All material filed in this Court is now available via the **INTERNET**. See **Pro Se Privacy Notice** for further information.

## 1. CAPTION OF ACTION

**A.** **Full Name And Prisoner Number of Plaintiff: NOTE:** *If more than one plaintiff files this action and seeks in forma pauperis status, each plaintiff must submit an in forma pauperis application and a signed Authorization or the only plaintiff to be considered will be the plaintiff who filed an application and Authorization.*

1. TREVIS RAGSDALE, Din#04A5085

2.

-VS-

*JUN 11 2021*

**B.** **Full Name(s) of Defendant(s) NOTE:** *Pursuant to Fed.R.Civ.P. 10(a), the names of all parties must appear in the caption. The court may not consider a claim against anyone not identified in this section as a defendant. If you have more than six defendants, you may continue this section on another sheet of paper if you indicate below that you have done so.*

1. Confer            4. Thoms
2. McCormick         5. Jamie D. McCarrick
3. Marc T. Masocco   6. Stanton

I am continuing this secition on another sheet of paper

## 2. STATEMENT OF JURISDICTION

This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 USC § 1983. The Court has jurisdiction over the action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4), and 2201.

## 3. PARTIES TO THIS ACTION

**PLAINTIFF'S INFORMATION NOTE:** *To list additional plaintiffs, use this format on another sheet of paper.*

Name and Prisoner Number of Plaintiff: TREVIS RAGSDALE, Din#04A5085

Present Place of Confinement & Address: upstate Correctional facility, P.O.Box 2001 Malone, New York 12953

Name and Prisoner Number of Plaintiff: TREVIS RAGSDALE, Din#04A5085

Present Place of Confinement & Address: upstate correctional facility, P.O.Box 2001 Malone, New York 12953

TREVIS RAGSDALE, Din #04A5085

-vs-

Nicholas P. Mathewson

**DEFENDANT'S INFORMATION** NOTE: *To provide information about more defendants than there is room for here, use this format on another sheet of paper.*

Name of Defendant: Thoms

(If applicable) Official Position of Defendant: Superintendent

(If applicable) Defendant is Sued in ✓ Individual and/or _____ Official Capacity

Address of Defendant: Five Points correctional facility, caller Box 400, state Rout 96 Romulus, New York 14541

Name of Defendant: Confer

(If applicable) Official Position of Defendant: 10-Block correction officer

(If applicable) Defendant is Sued in ✓ Individual and/or _____ Official Capacity

Address of Defendant: Five Points correctional facility, caller Box 400, State Rout 96 Romulus, New York 14541

Name of Defendant: McCormick

(If applicable) Official Position of Defendant: 10-Block / Yard correction officer

(If applicable) Defendant is Sued in ✓ Individual and/or _____ Official Capacity

Address of Defendant: Five Points correctional facility, caller Box 400, state Rout 96 Romulus, New york 14541

I am continuing this secition on another sheet of paper

## 4. PREVIOUS LAWSUITS IN STATE AND FEDERAL COURT

**A.**    Have you begun any other lawsuits in **state or federal court** dealing with **the same facts involved in this action?**
Yes_____ No ✓

If Yes, complete the next section. NOTE: *If you have brought more than one lawsuit dealing with the same facts as this action, use this format to describe the other action(s) on another sheet of paper.*

1.    Name(s) of the parties to this other lawsuit:

Plaintiff(s):_____

Defendant(s):_____

_____

2.    Court (if federal court, name the district; if state court, name the county):_____

_____

3.    Docket or Index Number:_____

4.    Name of Judge to whom case was assigned:_____

2

5.      The approximate date the action was filed:_____

6.      What was the disposition of the case?

        Is it still pending?  Yes_____  No_____

            If not, give the approximate date it was resolved._____

        Disposition (check the statements which apply):

        _____ Dismissed (check the box which indicates why it was dismissed):

            _____ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

            _____ By court for failure to exhaust administrative remedies;

            _____ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

            _____ By court due to your voluntary withdrawal of claim;

        _____ Judgment upon motion or after trial entered for

            _____ plaintiff

            _____ defendant.

**B.**      Have you begun **any other lawsuits** in **federal court** which **relate to your imprisonment?**

        Yes_____  No_____

**If Yes, complete the next section.**  NOTE: *If you have brought more than one other lawsuit dealing with your imprisonment, use this same format to describe the other action(s) on another sheet of paper.*

1.      Name(s) of the parties to this other lawsuit:

        Plaintiff(s):_____

        _____

        Defendant(s):_____

        _____

2.      District Court:_____

3.      Docket Number:_____

4.      Name of District or Magistrate Judge to whom case was assigned:_____

        _____

5.      The approximate date the action was filed:_____

6.      What was the disposition of the case?

        Is it still pending?  Yes_____  No_____

            If not, give the approximate date it was resolved._____

Defendant's Information Note: Providing information about more defendants.

Name of Defendant: Jamie D. McCarrick
(If applicable) official Position of Defendant: A-Side Messhall correction officer.
(If applicable) Defendant is sued in ✓ Individual/or ___ official capacity
Address of Defendant: Five Points correctional facility, caller Box 400, State Rout 96,
Romulus, New york 14541.

Name of Defendant: Nicholas P. Mathewson
(If applicable) official Position of Defendant: Messhall correction officer.
(If applicable) Defendant is sued in ✓ Individual/or ___ official capacity
Address of Defendant: Five Points correctional facility, caller Box 400, State Rout 96,
Romulus, New york 14541.

Name of Defendant: Stanton
(If applicable) official Position of Defendant: Nurse.
(If applicable) Defendant is sued in ✓ Individual/or ___ official capacity
Address of Defendant: Five Points correctional facility, caller Box 400, State Rout 96,
Romulus, New york 14541.

Name of Defendant: Marc T. Masocco
(If applicable) official Position of Defendant: 10-Block / mess hall sergeant.
(If applicable) Defendant is sued in ✓ Individual/or ___ official capacity
Address of Defendant: Five Points correctional facility, caller Box 400, state Rout 96,
Romulus, New york 14541.

Disposition (check the statements which apply):

\_\_\_\_ <u>Dismissed</u> (check the box which indicates why it was dismissed):

    \_\_\_\_ By court *sua sponte* as frivolous, malicious or for failing to state a claim upon which relief can be granted;

    \_\_\_\_ By court for failure to exhaust administrative remedies;

    \_\_\_\_ By court for failure to prosecute, pay filing fee or otherwise respond to a court order;

    \_\_\_\_ By court due to your voluntary withdrawal of claim;

\_\_\_\_ <u>Judgment</u> upon motion or after trial entered for

    \_\_\_\_ plaintiff

    \_\_\_\_ defendant.

---

## 5. STATEMENT OF CLAIM

For your information, the following is a list of some of the most frequently raised grounds for relief in proceedings under 42 U.S.C. § 1983. (This list does not include <u>all</u> possible claims.)

- Religion
- Free Speech
- Due Process
- Equal Protection

- Access to the Courts
- False Arrest
- Excessive Force
- Failure to Protect

- Search & Seizure
- Malicious Prosecution
- Denial of Medical Treatment
- Right to Counsel

**Please note that** it is not enough to just list the ground(s) for your action. You **must** include a statement of the facts which you believe support each of your claims. In other words, tell the story of what happened to you but do not use legal jargon.

**Fed.R.Civ.P. 8(a)** states that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." <u>Simmons v. Abruzzo</u>, 49 F.3d 83, 86 (2d Cir. 1995). **Fed.R.Civ.P. 10(b)** states that "[a]ll averments of claim ... shall be made in numbered paragraphs, the contents of each of which shall be limited as far a practicable to a single set of circumstances."

---

### Exhaustion of Administrative Remedies

Note that according to **42 U.S.C. § 1997e(a)**, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prison er confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

You must <u>provide</u> <u>information</u> about the extent of your efforts to grieve, appeal, or otherwise exhaust your administrative remedies, and you must <u>attach</u> <u>copies</u> of any decisions or other documents which indicate that you have exhausted your remedies for <u>each</u> claim you assert in this action.

4

**A. FIRST CLAIM:**  On (date of the incident) January 30, 2020.

defendant (give the **name and position held** of **each defendant** involved in this incident) Confer - C.O.
McCormick - C.O., Jamie D. McCarrick - C.O., Masse T. Masocco - Sergeant,
Nicholas P. Mathewson - C.O., Stanton - Nurse, Thoms - Superintendent.

did the following to me (briefly state what each defendant named above did): On 1-30-2020, after I've been
spraid in my face and eye's with a chemical agent, put into mechanical restraints hands
behind my back, C.O. Confer, McCormick, Mathewson and sergeant Masocco, was to escort me
from the kitchen through the B-side mess Hall to medical. They stop me inside of the
B-side messhall picked me up and body slam me to the floor and started punching,
kicking, and jumping down on my head and face until I passed out. As we was
walking down the hall C.O. Confer and McCormick punched and slap me in the face.
Confer also kneed me in my ribs.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: My Eighth Amendment right which prohibits
cruel and unusual punishment, for Excessive force, failure to protect, and lack of medical care.

The relief I am seeking for this claim is (briefly state the relief sought): Money Damages of Three Hundred - - -
Thousand dollars from each of the officers's that assaulted and from all the ones that stood
and did nothing to stop the assault, and from the superintendent and Nurse Stanton.

**Exhaustion of Your Administrative Remedies for this Claim:**

Did you grieve or appeal this claim?  ✓ Yes _____ No   If yes, what was the result? The Superintendent did
not make a decision within the 25 calendar days limit, and did not request a extension.

Did you appeal that decision?  ✓ Yes _____ No   If yes, what was the result? I did not sign a extension
and I Exercised my right as said the Directive, to appeal to C.O.R.C.

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: IGPS M. Schultz has obstructed
me from appealing to C.O.R.C. by not filing my grievance appeal to C.O.R.C.

**A. SECOND CLAIM:**  On (date of the incident) January 30, 2020.

defendant (give the **name and position held** of **each defendant** involved in this incident) Confer - C.O.;
McCormick - C.O., Jamie D. McCarrick - C.O., Nicholas P. Mathewson - C.O.,
Stanton - Nurse, Thoms - Superintendent.

did the following to me (briefly state what each defendant named above did): At medical I was taken inside a room and ordered by confer to take my clothes off and put my hands on the wall. While my hands was on the wall sergeant Masocco came in the room and punched me in the face and said he had to get that one. Then he told the officers to "Fuck him up some more before they take the pictures that way we say the other inmate did it. After the order was giving by the sergeant, confer, mccormick, and other officer's made a game of assaulting me, taking turns punching in the face to see who could knock me out. While Stanton found it funny and called other staff to come see this. I was giving nothing for the pain I was in.

The constitutional basis for this claim under 42 U.S.C. § 1983 is: My Eighth Amendment which prohibits cruel and Unusual punishment, for Excessive Force, failure to protect, and lack of medical care.

The relief I am seeking for this claim is (briefly state the relief sought): Money Damages of Three Hundred Thousand dollars from each officer that assaulted me and from the officers and staff that did nothing to stop the assault, and from the superintendent for not getting medical care after I wrote him asking for help.

### Exhaustion of Your Administrative Remedies for this Claim:

Did you grieve or appeal this claim? ___✓___ Yes _____ No   If yes, what was the result? When the superintendent didn't respond in 25 calendar per Directive 4040, I sent my appeal to IGPS M. Schultz

Did you appeal that decision? ___✓___ Yes _____ No   If yes, what was the result? when m.schultz didn't file my appeal to C.O.R.C. I sent my appeal directly to central office, and informed the commission.

*Attach copies of any documents that indicate that you have exhausted this claim.*

If you did not exhaust your administrative remedies, state why you did not do so: Schultz won't file my appeal to C.O.R.C. And McGrth whom got my appeal in central office, claim that I should send it to Schultz.

**If you have additional claims, use the above format and set them out on additional sheets of paper.**

### 6. RELIEF SOUGHT

*Summarize the relief requested by you in each statement of claim above.*

I want money Damages of Three Hundred Thousand Dollars from each officer that assaulted me and from the officers and staff whom did nothing to protect me from the assault. I want the same money Damages from the superintendent and Nurse for the lack of medical care and falsifying documents to cover-up and battery. And I want $150 for each day I did in SHU.

Do you want a jury trial? Yes __✓__ No____

## Statement of Claim #3

Superintendent Thoms, was deliberate indifferent to my Eighth Amendmen Right which specifically prohibits cruel and unusual punishmen. Thoms first found out that I had been Gang Assaulted and Battery by his officer's on 1-30-2020, from my grievance dated 2-2-2020, that Thoms received on 2-5-2020. I also wrote to Thoms direct on 2-11-2020, and told him that I was hurt and in pain. I asked Thoms to help med get medical care. I inform Thoms that I had to put a grievance in just to get the sick call Nurse to stop at my cell, and that I had even wrote to the Nurse Administrator about the pain I was in, and still was not being seen by a Doctor. Superintendent Thoms never responded to my request for help. I laid in that cell hurting and in pain from Bruise ribs, Nerve damage to my hands and wrists, A broken cartilage in my right -- shoulder, damage to my lower back, and a concussion among other injuries that I was not getting medical care fos, from january 31, 2020, until February 20, 2020, when he had me moved of of his facility with out getting any medical care, and it's the lack of medical care that violated my rights.

## Claim #4

On February 5, 2020, To try in cover-up the fact that his officer's had violated my Eighth Amendmen Right, Superintendent Thoms, had hearing officer Courtwright violate my Fourteenth Amendmen Right to Due Process at my hearing. First Courtwright denied me mitigating evidence, by claiming not to know what a to and from report was. Then she claim not to know what a Unusual incident report was and I was denied that and the video Evidence of me being Gang Assaulted and Battery by the officer's. Then she did not advise me of the consequences of not attending the hearing, did the rest of the hearing with out me and gave me 120 · SHU, 270-day's lost of packages, Phone, commissary, and 6-month lost of good time. I appeal the Disposition and the hearing was reversed and a rehearing was ordered.

→

Claim #5

On May 20, 2020, superintendent Thoms again tried to cover-up the fact that his officer's had violated my *Eighth Amendment* Right, by having hearing officer E. Lepkawsici, violate *my Fourteenth Amendment* Right to Due Process at the re-hearing. First my *Employee* Assistant was a sergeant that told me he used to work at five Pionts in 10-block and he knew some of the officer's that assaulted me. This sergeant never came back to let me know if he interview any of the witnesses I told him I wanted to call or bring back any of the documents I asked for. On 5-5-2020, I inform Lepkawski, of the fact that I did not get adequate assistance which I was entitled to befor the hearing. At this time Lepkawski, gave me a few of the document that I asked for, and stated that was putting in a extension so he could send for the to and from report, the video and other documents that I asked for and also witnesses. At the next hearing date 5-14-2020, He still had not got the to and from report and other document evidence that I had requested but stated that he had the video starting at 2:50 p.m. At that time I told Lepkawski, that I did not ask for the video starting at 2:50 p.m, that I requested the video starting at 1:50 p.m. until 2:50 p.m. Lepkawski, stated "you are right, I'm going to look at this video and if it don't start at 1:50 p.m. I'm sending it back because this is not what I asked for." then he showed me a paper and said this is every thing you asked for, I sent it to the Deputy. I told him the other witnesses that I wanted to call and he wrote that down and said he was putting in another extension. At the next hearing date 5-20,2020, when I got down to the hearing office, their was five C.O's and the sergeant that was my *Employee* -- Assistant waiting in the room with the hearing officer. when they brong me in the room two of the C.O's staid in the room with us and the sergeant and other three officer's stood right out side the door. As I was asking inmate Baber questions Lepkawski kept cutting me off, when I asked to talk to the other witnesses Lepkawski, stated "you not calling no more witnesses". I asked him about the documents and he said "you got all the documents you going to get". I asked about the video and he said he got the video starting at 2:50 p.m. When I pointed out what he told me about sending the video back because that wasn't what he asked for, Lepkawski, got upset and had me removed from the room and did the rest of the hearing with out me and gave me 120-days SHU, 270-days lost of packages, phone, commissary, and six months lost of good time. Lepkawski, violated my due process right, to be at my hearing, to call witnesses, to have mitigating evidence, and to have an impartial, unbiased hearing officer.

→

Because of these violations of my Due process right at my hearing, I appealed and the hearing was reversed and the charges expunged on July 2,2020, after I did the 120 day's SHU, which took what little liberty I had by depriven me Due process.

Claim #6

A. Rodriguez, is the Director whom reversed the re-hearing that I appealed. However to help superintendent thoms cover-up that I was assaulted and that he had Lepkowski, violate my due process rights. Rodriguez never informed me that he had reversed the hearing. I found out from Prisoners legal services that the hearing had been reversed. In the letter informing PLS, that the hearing had been reversed Rodriguez states Decision rendered pursuant to section 254.8 of chapter 5, Which is Appeal -- procedures. However after months of writing the superintendent of Auburn and putting in FOIL request to Rodriguez, on December 31,2020, I got a copy of the memoradum that Rodriguez sent to the superintendent informing him that the hearing had been reversed, and the reason why is that the hearing officer failed to address potentially relevant witness issues, which is section 253.5, Not section 254.8, which is a Appeal -- procedures issues like Rodriguez lied when he informed PLS for the reason the hearing was reversed. From the memoradum I have Found the reason why Rodriguez did not inform me the person that appealed the hearing, but sent it to PLS whom had nothing to do with the appeal. Rodriguez never informed me because to help Thoms cover-up the violation of my *Eighth Amendmen* right, he had to obtain all the available records of my rehearing which violated my *Fourteenth Amendmen* rights so he could erase them before I could FOIL request the records. You will see from my *Exhibit's* that I've tried to FOIL the hearing tape and they are claiming they don't see a hearing tape or a hearing date of -- 5-20-2020, for me.

→

Claim #7

Superintendent Thoms know that the Prison Litigation Reform Act,
A Federal Law, requires that before an inmate files any Lawsuit in
Federal court, he must exhaust all available administrative remedies.
The inmate grievance program is protected under the First Amendment
and forbids prison officials from retaliating against prisoner for
exercising the right of free speech. However for the claims that
I've made in my grievance, Thoms retaliated against me by with-holding
his response way pass the required 25 calendar day time limit, by not
requesting a time extension, and giving a falsified late response.
Without my consent to a extension, so he could obstruct me from
exhausting my administrative remedies to stop me from getting
access to the court. To cover-up the fact that his officer's violated my
Eighth Amendmen right to be free of cruel and unusual punishment, and
to retaliate against me for writing a grievance on his officer's Thoms,
have violated my First Amendmen. And by doing so, he has also
violated Directive 4040 § 701.8 (F) and (9), which State "within 25 calendar
days of receipt of the grievance, the superintendent will render a decision
on the grievance and transmit said decision, with reasons stated to the
grievant. Time limit extensions may be requested, but such extensions
may be granted only with the consent of the grievant. Thoms has
also violated Directive 4040 § 701.11 code of ethics (a) No member
shall obstruct an inmate from exercising his or her right to file a
grievance. (d) Particular duties, responsibilities, and assignments shall
not be abused by any member. (i) Members shall obey all institutional
and Departmental rules and regulations. Thoms falsified legal documents
in retaliation for me writing the grievance on his officer's, that is why he
claims that I stated in my grievance that the officers took me behind
the mess hall and assaulted me, which I did not say. He also lied when
he said that he seen the video Footage and I was not assaulted. If I was
not assaulted, then why did Thoms have his Deputy Superintendent of
Administration J. Minnerly retaliate against me for writing the grievance on his
officers, by violating the Freedom of information Law, lying claiming the video
is no longer available. How can the video not be available when all my FOIL request
was made on time starting from 2-2-2020, Plus they made a copy for OSI, and
a copy for the grievance office to investigate, that how Thoms lied and said
the video was seen and I was not assaulted.

→

## Claim #8

On 1-30-2020, My Eighth Amendment right which prohibits cruel and - - Unusual punishment, was violated by C.O. Confer, A 10-block officer whom was a part of response staff that came to the Kitchen. After I had been sprald in my face and eye's with chemical agents, and put in mechanical restraints, hands behind my back and I complied with all order's giving to me by staff. C.O. Confer and other officers took me out of the Kitchen, into the B-Side mess hall and for no reason other then to hurt and try to kill me., they maliciously and Sadistically Assaulted me. C.O. Confer picked me up and slam me to the floor, then with other officer's, started punching, Kicking and jumping down on my head and face with his Knee, until I passed out. C.O. Confer unconstitutional Act of excessive force has no justifcation other then Gang Assault and Battery. His use of force was not to restore or maintain order, that is why there is no record of the use of force that took place in the B-side mess hall between 1:50 p.m and 2:50 p.m. Other then video footage from the 50 video camera's inside the B-Side mess Hall.

## Claim #9

C.O. Confer, has also violated my First Amendment which forbids prison officials from retaliating against prisoner for exercising the right of free speech. From the first week of me moving into 10-block I was harass by c.o. confer or other officer's sent by confer to harass me. because of this harassment most of, if not all of the grievances that I wrote at five Points are on C.O. - - Confer. In retaliation for writing those grievances, on 1-30-2020, after they tried to kill me in the B-side mess hall, on the way down the hell going to medical, c.o. Confer punched me and slap me in my face, and kneed me in my ribs which are on the record from the video footage from the camera's in the hall.

## Claim #10

When they get me to medical C.O. Confer and other officer's violated my Eighth Amendment right again. They took me in a room and had me take my clothes off. and put my hands on the wall. While my hands was on the wall sergeant - - Masocco, came in the room and punched me in the face, then told confer and the other officer's to assault me some more befor they take the pictures, that way they could say the other inmate did it. with the O.K. from the sergeant confer assaulted me again, this time making a game of it, him and the other officer's took turn's punching me in the face to see who could knock me out. while I was being hit confer said things like, you like to write

→

officer's up and other things about me writing grievances on him and other officer's that harassed me. After they took pictures of me I was put in another room, and a man Nurse put a little water in my eye's. later when I get one eye open enough to see, C.O. Confer, McCormick, and three other officer's whom took their name tags off was standing outside the room they locked me in maclun fun of how they assaulted me.

## Claim #11

On 1-30-2020, My *Eighth* Amendment right which prohibits Cruel and Unusual punishment was violated by c.o. McCormick, a 10-block officer that usually work 10-block yard, *whom* was one of the responding staff that came to the mess hall. McCormick is the one that was hitting *with* his stick and kicking me *while I was on the floor in the* B-side mess hall. McCormick has no justifcation for assaulting me the way he did in the mess hall, I was on the floor, hands cuff behind my back and could not see because I been spraid. McCormick also took part in the assault game when I was in that room at medical, punching, slapping. He was saying get up, if you don't get up you going to keep getting hit. later him and other officer's stood outside the other room I was locked in and made fun of how I was asking them to stop assaulting me.

## Claim #12

On 1-30-2020, C.O. Jamie McCarrick, violated my Eighth Amendment right that prohibits cruel and unusual punishment. The video from the B-side mess hall will show me on the floor hand cuff and ms. McCarrick kicking me in my head and body. She also took part in assaulting me in that room at medical slapping and kicking me. I've alway's been respectful to ms. Jay, and being that I had respect for her I did not lie on her when I could have, when OSI came to see me on 2-5-2020. OSI, said that three inmates that worked on ms. Jay side in the kitchen, had wrote them and said that inmate Baber had seen ms. Jay and another inmate doing something that Baber shouldn't have seen, and ms. Jay paid me to assault Baber to get him out the kitchen. I could have lied on her but I didn't. I told OSI the truth, that ms. Jay is a nice lady, some inmates are sick in the head and think because she nice to them that she their girlfriend or something. So when they see her talk or be nice to another inmate they get mad. ms. Jay didn't paid me to do anything, the fact is Baber hit me as I was walking away from him, and had the heary officer let me call my witnesses they would have told him that.

Claim #13

On 1-30-2020, C.O. Mathewson stood by and did nothing to stop C.O. confer and other officer from Gang assaulting and Battery me inside the B-Side mess hall or inside the room at medical, which violated my Eighth -- Amendent right whic prohibits cruel and unusual punishment. When he came by the room they had me in at medical, I asked Mathewson why he let them do me like that and he stated "it was about 30 of them on you, what could I do, plus I got on Blue. Mathewson also was ordered my sergeant masocoo, to falsified inmate misbehavior report to make it seem as if Baber was the one that assaulted me and not the officers. Mathewson lie on Baber to cover up the fact that the officer's. If I was so high and out of control that it took three officer's to spray me two time each, and then another 4-officers to get me down and put the cuff's on me, why is it that inmate Baber had zero injuries. If inmate Baber did every thng to me that mathewson claim he did, then why was he sent back to his cell on keep lock status, while I had A concussion, bruise Ribs, A broken cartilage in my right shoulder, nerve damaged in my hands and wrist's, and my eye swelled closed, was locked in a room at medical and sent to SHU the next day. C.o. Mathewson cover-up of the Gang Assault and Battery is a crime it seft, But his failure to protect me from them officer's, violated my Eighth Amendment.

Claim #14

On 1-30-2020, Nurse Stanton "deliberate indifferent" and lack of medical care violated my Eighth Amendment right which specifically prohibits cruel and unusual punishment. While I was being gang assaulted and battery by C.O. Confer and other officer's, Nurse Stanton found it to be funny how I was being assaulted and even called other staff to come see this. Staton did not say or do any thing to get the officer's to stop assaulting me, but she called friends to come see me be assaulted. Stanton seen that my eye was swelled closed, my face and head was swollen, my wrist's was cut all the way around, and Stanton would not and did not give me any thing for the pain I was in. Nurse Stanton would not help me get a shower to get the chemical agents off my skin that was burning me. Stanton lack of medical care and Failure to say or do any thing to protect me from being assaulted, violated my Eighth Amendment.

→

## Claim #15

On 1-30-2020, not only was Nurse Stanton deliberately indifferent to me being hurt and in pain, but was also making fun of the fact that I was being assaulted and was calling other Staff to come see me being assaulted. Stanton lied and falsified the Medical report to help cover-up the fact that I was assaulted by officer's, and had me put in a room with my skin burning all night because I was not Decontaminated Pre Directive 4903; that was cruel and unusual punishment. Stanton did as the sergeant said to help cover-up the assault he told Stanton to put me in a room for the night and just put down that he is high on some thing, and Stanton falsified the documents, stating that I was under the influence of an unknown intoxicant. The fact is Stanton did not take any test So how did Stanton Deem that I was under the influence of any thing with out testing me, plus one of my eye's was swelled closed and the othe one had chemical agents in it so can't say they seen it in my eye's.

## Claim #16

The unusual inciden report show that my Eighth Amendment right's was violated by stanton's Lack of Medical care. The report will also show that Stanton falsified documents, to help cover-up that I was assaulted by officer's, and I could not have been Decontaminated when Stanton claim that was. The report States "both inmates were Decontaminated Per Directive 4903". "use of force Photos were taken", "Inmates were Examined by facility medical staff, which is not true! That should have been the order of each step taken, that's the reason Stanton wrote it that way. But that is not what took place, that is why ① the medical report says that I was examined at 2:00 p.m., and ② the time on the Photos say they were taken at 2:05 p.m. which is after I been examined not befor as Stanton lied. ③ I didn't get a shower until the next day when my care provider came to see me about taking @X-rays around 11:50 p.m. and I told him how my skin been burning alnight from the chemical agents that they never Decontaminated me of. The care provider got mad when he found out that I had not been Decontaminated and he went and got me a soap and towel. He made the officer turn on the shower water and go get me some under clothes to put on. ④The report show that stanton didnt give me nothing for the pain I was in. Just as Stanton did not put it in the report that both my wrist's was cut all the way around from the hand cuff's. Or how my ribs were bruised, and I had a concussion. Months later a Nurse in Auburn took one look at my shoulder and told me that I had a broken cartilage, but Stanton never put that in the report when it first happen. The Nurse in South Port put me on a prescription for Naproxen 500 mg. I was at fivePoints hurt and in pain from 1-30-2020, until 2-20-2020, and Stanton wouldn't even stop at my cell when I put down for sick call, I had to put a grievance in to get Stanton to stop in see me. They had one man nurse thet did try to give me some help and he was the one that told me I had bruise ribs and a concussion. Nurse Stanton was deliberatly indiffent to the pain I was in, and the Lack of medical care violated my Eighth Amendment right which prohibits cruel and unusual punishment.

→

## Claim #17

On 1-30-2020, sergeant Marc J. Masocco, deliberately indifferent to me being Gang Assaulted and Battery by C.O. Confer and other officer's in the B-side mess hall between 1:50 p.m. and 2:50 p.m. violated my Eighth Amendment right which prohibits cruel and unusual punishment. Masocco, stood by and watched his officers punch, kick, and jump down on my face and head with their knee's until I passed out from the pain, all while I was hand cuff, hands behind my back and could not see because I had been sprayed in my eyes with chemical agents (20-029). The video footage from the 50 video camera's in the B-side mess hall will show Confer with other officer's whom were to escort me from the kitchen through the B-side mess hall out the mess hall door into the hall, down the hall to medical. The video footage will show them stop in the B-side mess hall, picked me up and slam me to the floor and started punching, kicking, and jumping down on my head and face with their knee's until I passed out while sergeant Masocco stood there not saying or doing anything to stop his officers from maliciously and sadistically Assaulting me. When I got in to the hallway I was slap, punched in the face and kneed in my ribs, all on video from the camera's in the hallway. Masocco; failure to protect me was a violation to my Eighth Amendment Right.

## Claim #18

On 1-30-2020, sergeant Marc T. Masocco, violated my right to be free from assault which violated my Eighth Amendment right that prohibits cruel and unusual punishment. After the officer's tried to kill me in the B-side mess hall, I was taking in to a room at medical, I was told to take all my clothing off, every thing but my boxer's and put my hands on the wall. While my hands was on the wall sergeant Masocco, came in the room and punched me in the face and stated "I had to get that one". He then gave the officer's the order to fuck him up some more befor they take the pictures, that way we say the other inmate did it. After his officer's assaulted me again Masocco told the officer's and Stanton not to give me a shower, to let me burn. He also told Stanton to put me in a room for the night, and to just say that he high on some thing. Later that day Masocco, came by the room I was locked in, and I asked him why he let his officer's do that to me. and he stated "I've been watching you walk around here like you tough for months. I told him that the mess hall has 50 camera's that seen what they did to me and I was going to sue. Confer, said good luck getting that video, and McCormick called me a rat, Masocco just smiled and walked away. C.O. Mathewson wrote in my misbehavior report that "force was used (20-029) at that time inmate Ragsdale complied and was put into mechanical restraints. 20-029 is the chemical agent. As you will see that what Mathewson wrote in my misbehavior report and what Masocco claims Mathewson told him, it do Add up. And the fact that Masocco didn't make a report of the use of force that took place in the B-side mess hall, shows that he trying to cover-up the Assault.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
                              (date)

**NOTE:** *Each plaintiff must sign this complaint and must also sign all subsequent papers filed with the Court.*

_____

_____

_____

Signature(s) of Plaintiff(s)

7

# Exhibit List

Exhibit - A - is my Grievance appeal sent to IGPS, M. Schultz, at Five Points correctional facility.

Exhibit-B- is my Grievance appeal sent directly to Central office, and A response back from Anne Marie McGrath, Deputy commissioner.

Exhibit-C- is my complaint to New york State commission of corrections and a response back.

Exhibit-D- is my Grievance and the Superintendent late response.

Exhibit-E- are letters to Sick call, A Grievance on sick call, A letter to the Nurse Administrator, and A letter to the Superintendent try to get medical care.

Exhibit-F- is a letter from office of Special investigations, and a letter from Prisoners Legal Services letting me know that that would not send her the video.

Exhibit-G- is all my FioL request for the video and their response.

Exhibit-H- is the misbehavior report, and the use of force report.

Exhibit-I- is the unusual incident report, and the Photos.

Exhibit-J- is the Memorandum from my appeal of the first hearing with Courturigh the letter from A. Rodriguez to P.L.S. claiming the rehearing appeal was reversed because of section 254.8, which is a lie. And the memorandum he sent to Superintendent McCarthy.

Exhibit-K- are my freedom of information request to A. Rodriguez, and SouthPort Foil office, for the re-hearing tape, And the response to my request

Exhibit

rom: Trevis Ragsdale, Din# 04A5085, Locking B-8-13 cell          3-26-2020

To. Inmate Grievance Clerk at Five Points correctional facility.

I sent my grievance to IGRC on 2-2-2020, my grievance was filed on 2-5-2020, coded 49 and sent to the superintendent to receve a decision on 2-5-2020. I have not received a decision from the superintendent within twenty five calendar days. I have not signed an extension form. I am exercising my right under Directive -- 4040, section 701.5 (d)(1), to appeal to the next stage. I want my appeal sent on to the Central office Review Committee.

I also want it to be known that I wrote this same appeal out and sent it to the the grievance clerk here at Southport on 3-15-2020, and I just got a response today from L. McAlinn, IGP supervisor 3-26-2020, stating you are advised to mail your request to appeal to the next stage to the facility where the grievance was originally filed. On 1-30-2020, I had a fight with another inmate in the Kitchen at five Points. C.O. Confer was one of the responding Staff. After I been spraid with the chemical agents and put into mechanical restraints, and complied with all order's, C.O. Confer and a few other officer's and the 10-block sergeant, took me into the mess Hall picked me up and body slamed me to the floor. Once I was on the floor they started punching, kicking and jumping down on my face and head with their knee's. They assaulted me like this until I passed-out, and it did not stop there, they slap, punch and kneed me on my way down the hall to medical, and again when we got to medical. I didn't get a shower to get the chemical agents off, I was put in a cell all night burning from the chemical until 12:50 the next day when I seen medical provider. The force that these officer's used was not used in a good faith effort to maintain or restore discipline We know this because ① there is no report of use of force from their Gang assault and Battery inside the mess Hall

→        →    1-of-2 Pages

② As the officer whom wrote the misbehavior report stated, after being sprayed with the chemical agent and put into mechanical restraints I complied. So the force that these officer's used was used maliciously and sadistically and for no other reason then to hurt me, that makes it cruel and unusual — — punishment which violate's my eighth Amendment. Since my right to be free of assault has been violated, I now want to sue all the officer's who took part in the Gang assault and Battery and those who stood around and did nothing to stop them from assaulting me. I want three Hundred thousand dollars from each of the officer's that assaulted me and from every one that stood there and didn't stop them from assaulting me. I want the prosecuted for Gang assault and Battery, and I want the video tape from the B-side mess Hall camera's. I want the B-side mess Hall video tape from the State 1-30-2020, time — — 1:50 p.m. until 2:50 p.m. I also want the video tape from the camer's in the hallway, starting from the B-side mess Hall door all the way to medical Date 1-30-2020, time 1.50 p.m until 2:50 p.m.

Again, I have not received a decision from the Superintendent within twenty five calendar days. I have not signed an extension form. I am exercising my right under Directive 4040, Section 701.5 {d>(1), to appeal to the next stage. I hope to receive a response from C.O.R.C. within 30 calendar after they receive this appeal.

Please let me know in writing that this appeal was receive.!

3-26-2020

2-of-2 pages

From: Trevis Ragsdale, Din#04A5085, Locking in B-10-2          5-14-2020

TO: M. Schultz, IGPS, at five Points correctional facility.

On 1-30-2020, I was assaulted by C.O. Confer and some other officer's on the B-side mess Hall. I put my grievance in on 2-2-2020, my grievance was filed on 2-5-2020, coded 49 and sent to the Superintendent to receive a decision. The Superintendent had 25 calendar day's to make his decision. On 3-15-2020, I had not receive a decision after 39-day's I did not sign an extension form, in so I exercised my right under Directive 4040, section 701.5 (d)(1) to appeal to the next stage. I sent appeal to the grievance clerk here at southport on 3-15-2020, they sent it back to me and told me I had to send it to you at five Points. So -- on 3-26-2020, after not receiving a response in 50-days from the time the Superintendent received my grievance, I had not signed an extension form, in so I exercised my right under Directive 4040, section 701.5 (d)(1) to appeal to the next stage, which was C.O.R.C. On 3-27-2020, I signed the log book and received a response from the Superintendent. I did not respond to his decision because I had already sent you my appeal which was my right to do so. I wrote to the commission of correction and they advised me that I have followed correct procedures by notifying the central office Review committee. On 4-7-2020 I signed the log book for legal mail and it was letter from M. Schultz, IGPS sending my appeal back un-filed with a copy of the Superintendent response. As I stated I had already exercised my right, So I don't understand why you sent my appeal back to me and didn't file it, you are in violation of § 701.11 code of ethics. (A) No member shall obstruct an inmate from exercising his right to file a grievance. I talked to the grievance lady last week on 5-7-2020, about you not filing my appeal to C.O.R.C. and sending it back to me, they came back to my cell today an told me to send my appeal to you again!

Page-1 →

From: Trevis Ragsdale, Din#04A5085, Locking in B-10-2 cell          5-14-2020
TO: Inmate Grievance clerk at Five Points correctional facility.

I sent my grievance to IGRC on 2-2-2020, my grievance Was Filed on
2-5-2020, coded 49 and sent to the Superintendent to receive a decision on 2-5-20.
At the time I first sent this appeal on 3-26-2020, I did not receive a response
from the Superintendent within twenty five calendar days. I did not sign an --
extension form, so I exercised my right under Directive 4040, section 701.5 (d)(1)
to appeal to the next stage, Which is the central office Review committee.
On 1-30-2020, I had a fight with another inmate in the kitchen at Five Points.
C.O. Confer was one of the responding staff. After I been sprayd with the chemical
agents and put into mechanical restraints, and complied with all order's, c.o. confer
and a few other officers and the 10-block sergeant, took me into the mess Hall
on the B-side, picked me up and body slamed me to the floor. once I was on
the floor they started punching, kicking and jumping down on my face and head
with their knee's. They assaulted me like this until I passed-out, and it did not
stop there, They slap, punch and kneed me on my way down the hall to medical
and again when we got to medical. I didn't get shower to get the chemical
agents off, I was put in a cell all night burning from the chemicals until 12.50
the next day when I seen my medical provider. the force that these officer's
used was not used in a good faith effort to maintain or restore discipline.
it did this because. ① there is no report of use of force ~~of~~ <sup>From</sup> their Gang assault
and Battery inside the B-Side mess Hall. ② As the officer whom wrote the   --
misbehavior report stated, after I was sprayd and put into mechanical restraints
I complied. So the force that was used by these officer's was used maliciously
and sadistically and for no other reason then to hurt me. that make it

                                                            Page-2 → →

Cruel and unusual punishment whic violated my Eighth Amedment.
Since my right to be free of assoult has been violated, I now want to
sue all the officer's who took part in the Gang assoult and Battery, and
all those who stood around and did nothing to stop the officer's from
assoulting me. I want three Hundred thousand dollars from each of the
officer's that assaulted me and from the one's that stood around and didn't
stop them from assoulting me. I also want them prosecuted for Gang
assoult and Battery. I want the video tape from the B-side mess Hall
camera's, Date 1-30-2020, time 1:50 p.m until 2:50 p.m.

Again I never sign an extension form. I am exercising my right under
Directive 4040, Section 701.5〈d〉〈1〉, to appeal to the next stage. I hope
that you file my appeal this time. As I said the IGRC here told me
that she talked to you, and for me to send my appeal to you again.

5-14-2020

Exhibit



From: Trevis Ragsdale, Din#04A5085, Locking B-8-13 cell        4-6-2020

To: The central office Review committee.

I am sending my appeal to you in Albany because I haven't heard from your office or back from the Grievance clerk at Five Points correctional facility.

I put a grievance in at Five Points on 2-2-2020. my grievance was filed on 2-5-2020 and coded 49 and sent to the superintendant to receive a decision on 2-5-2020. n 3-15-2020, I had not received a response from the superintendant, so I sent my ppeal to the grievance clerk here at Southport correctional facility. On 3-25-2020 wrote the clerk here at southport and asked what was going on because I didn't hear back from them. On 3-26-2020, I got a letter from L. McAlinn, IGP supervisor stating that I was advised to mail my appeal to the facility where the grievance was originally filed. On 3-26-2020, I wrote my appeal out again and put it in the mail that night sent to Five Points grievance clerk. On 3-27-2020, I received the Superintendent of Five Points responde to my grievance. 53 day's after he received my grievance. Being that I had not received a decision from the superintendant within twenty five calendor days, and I had not signed on extension form, I execisides my right under Directive 4040, section 701.5 (d)(1), to appeal to the next stage which is C.O.R.C. I put that appeal in the mail on 3-26-2020, today is 4-6-2020 and I haven't hear from your office or Five Points. I think Five Points didn't send you my appeal because I think you would have let me know by now that you have received my appeal. Nobody at Five Points has responded within the time the Directive or the Law State's that they should and they are doing this to cover up the fact that their offices's has assaulted me. So I am writing out another appeal today, 4-6-2020.

1 of 3 Pages

Appeal to Central office Review committee.

I sent my grievance to IGRC on 2-2-2020, my grievance was filed on 2-5-2020, coded 49 and sent to the Superintendant to receive a decision on 2-5-2020, I have not received a decision from the the superintendent within twenty Five calendar days. I have not signed on extension Form. I am exercising my right under Directive 4040, section 701.5 (d)(1), to appeal to the next Stage. I want my appeal sent on to the central office Review committee. On 1-30-2020, I had a fight with another inmate in the kitchen at Five Points. C.O. confer was one of the responding Staff. After I been spraid with the chemical agents and put into mechanical restraints, and complied with all order's, C.O. confer and a few other officer's and the 10-block sergeant, took me into the mess Hall, picked me up and body slam me to the floor. Once I was on the floor they Started punching, kicking and jumping down on my Face and head with their knee's, until I passed out, and it did not Stop there, they Slap, punch and kneed me on my way down the hall to medical, and again when we got to medical. I didn't get a Shower to get the chemical agents off, I was put in a cell all night burning from the chemical until 12:50 the next day when I seen my medical provider. The force that these officer's used was not used in a good faith effort to maintain or restore discipline, we know this because ① there is no report of use of force from their Gang assault and Battery inside the mess Hall .② As the officer whom wrote the misbehavior report Stated, after being spraid with the chemical agent and put into mechanical restraints I complied. So the force that these officer's used was used maliciously and Sadistically and For no other reason then to hurt me that makes it cruel and unusual Punishment which violated

→ → →

2 -OF -2 Pages

my Eighth Amedment. Since my right to be free of assault has been violated, I now want to sue all the officer's who took part in the Gang assault and Battery, and those who stood around and did nothing to stop them from assaulting me. I want three Hundred thousand dollars from each of the Officer's that assaulted me and from every one that stood there and didn't stop them from assaulting me. I want them prosecuted for the Gang assault and Battery, and I want the Video tape from the B-Side mess Hall camera's. I want the B Side mess Hall video tape from the Date 1-30-2020 time 1:50 p.m until 2:50 p.m; I also want the video tape from the camera's in the hall way, starting from the B-side mess Hall doors down to medical Date 1-30-2020, time 1:50p.m. until 2:50 p.m.

Again the only reason I'm sending this appeal to C.O.R.C. in Alboney is because I sent my appeal to the Grievance clerk at Five Points on 3-26-2020 and I still have not got a response letting me know if they sent it to C.O.R.C.

4-6-2020

From: Trevis Ragsdale, Din#04A5085, Lodging B-8-13          4-20-2020
To: Central office Review committee.

I am writing to find out want is going on. I sent my appeal to you
on 4-6-2020, because at the time I did not receive a response from
the Grievance office at Five Points Letting me know if they filed my
appeal. At the time, I sent my appeal to you I had already sent
it to Five Points on 3-26-2020, letting the know that I did not
receive a response from the Superintendent, I had not sign on extension
form, and I was now exercising my right under Directive 4040, section
701.5 (d)(17), to appeal to the next Stage. Which is C.O.R.C.
I put that letter in the mail here at southport on 3-26-2020, the
next day on 3-27-2020, I received the superintendent response from
five-points. I did not ~~respond~~ respond to it because ① I had already sent
them my appeal which was my right to do so, and ② the superintendent
had 25 day to respond, I got his response 54 or 55 day's later and I
did not sign an extension. By 4-6-2020, when I did not hear from
C.O.R.C. letting me know that you received my appeal from Five Points
I sent my appeal to C.O.R.C. in Alboney. on 4-7-2020, I received
my appeal back from FivePoints, they did not file my appeal to C.O.R.C.
So the on way I can file my appeal is to send it to C.O.R.C.
in Alboney, which I did on 4-6-2020, I have not heard Anything
from C.O.R.C. I would like to know what IS going on, Please write
me back and let me know is or was my appeal filed.
       Thank you for your time.

From: Trevis Ragsdale, Din# 04A5085, Locking B-10-2          5-14-2020

TO: Central office Review committee.

I am writing you because I want to know why you committee has not responded to my appeal that I sent to you in Albany on 4-6-2020, or the letter that I sent to you on 4-20-2020. It seem's like every one is trying to cover up that I was assaulted by C.O. Confer and the other officer's at Five Points. I say that because I don't understand why every one is trying to stop me from exhaust administrative remedies. I have fully and properly followed all the rule's set forth in DOCCS Directives 4040 and 4041. However no one else is following the rule's. Superintendent Thoms, received my Greevance on 2-5-2020, and had 25-calendar days to make a decision. After 50 day's had pass and I didnt receive his response to my grievance, on 3-26-2020 I wrote and sent my appeal to Five Point's IGRC, which was my right to do so under Directive 4040, section 701.5 (d)(1), to appeal to the next Stage. Which is C.O.R.C. On 4-7-2020, I received to my appeal back from M. Schultz-- IGPS at Five Points. the IGPS didn't even file my appeal, schultz sent my appeal back with a copy of the superintendent response to my grievance Which was 50 to 59 days since he received my grievance on 2-5-2020, which is way pass the 25-calendar days he had to respond. I did not sign on extension Form, so I was exercising my right under Directive 4040, section 701.5 (d)(1), to appeal to the next Stage, which is this committee. As I Stated I have fully and properly followed the rule's set forth in Directive 4040, all I ask is that this committee do the same. To day make 38 day since I sent my appeal to you in Albany on 3-26-2020, and I Stall haven't heard anything back. I Sent you my appeal on 3-26-2020, and I wrote you on 4-20-2020, now I'm writing you again today 5-14-2020, and sending you the appeal that Five Points IGPS sent back to me without filing it  →    1-of-2 Pages

I wrote to the commission of correction about what is going on and they advised me that I've followed correct procedures by notifying the central office Review committee, and recommended that I await a response from you. With that being said I respectfully ask that your committee Please to my appeal and this letter as soon as you can. Thank you for your time!

Francis Ragsdale
5-14-2020



**Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

May 13, 2020

Mr. Trevis Ragsdale
04A5085
Southport Correctional Facility
236 Bob Masia Drive
Pine City, NY  14871-2000

Dear Mr. Ragsdale:

This is in reference to your recent correspondence regarding your grievance appeal.

Directive #4040 provides inmates with an orderly, fair, simple and expeditious method of resolving grievances pursuant to the Correction Law and makes no provision for an inmate to refer appeals directly to Central Office.

Appeals should be submitted directly to the Inmate Grievance Program (IGP) office at the facility where the grievance was filed.

Sincerely,

Anne Marie McGrath
Deputy Commissioner

cc:  Superintendent - Southport C.F.
      Inmate File
      Reference # 20200427-150030-SEW

From: Trevis Ragsdal, Din04A5085, Locking B-8-2                    5-27-2020

To: Anne Marie McGrath, Deputy commissioner.

I just got a letter from you today stating that Directive #4040 provides inmates with an orderly, fair, simple and expeditious method of resolving grievances pursuant to the correction law and make no provision for an inmate to refer appeals directly to central office.

Every time I wrote and sent my appeal to C.O.R.C. I let yo'll know the reason for me doing so. I sent my appeal to Five Points IGRC and they did not file my appeal, they sent it back to me. I talked to the IGRC in this Facility and they told me to send it to Five Points again, I did that and Five Points never responded back to me. So I sent it directly to C.O.R.C. From your letter I take it that your not going to file my appeal, Now if Five Points IGRC won't file my appeal and you won't file my appeal, how am I going to exhaust my Administrative remedies.

I've put all of my grievances in on time and by the rules of the Directive. How am I in the wrong for sending my grievance to central office. I have a letter from (Allen Riley, chairman) and (Thomas J. Loughren — — commissioner) of the Bureau of Field operations NYS Commission of Correction stating please be advised that you have followed correct procedures by notifying the central office review committee. It is recommended that you await a response from them. Five Points IGRC is the one not following the rules, not me. I did everything by the Directive! So Please write me back and let me know what I should do being that IGRC won't file my appeal.

Exhibit



From: Trevis Ragsdale, Din#04A5085, Locking 8-8-13 cell          4-14-2020

To: New york state commission of correction

I am writing this complaint on M. Schultz, IGPS of Five Points correctional Facility Schultz has refused to file my appeal to C.O.R.C. which is my right to do so under Directive 4040, Section 701.5 (d)(1). I put my grievance in at Five Points on 2-2-2020, it was received and filed on 2-5-2020, coded 49 and sent to the Superintendent to receive a decision on 2-5-2020, The Superintendent had twenty five calendar days to respond. on 3-15-2020, I had not received a response for the Superintendent, so I did not signe an extension, so exercising my right under Directive 4040, section 701.5 (d)(1) to appeal to the next stage, I sent my appeal to the grievance clerk here at Southport. After I did not get a response from the grievance clerk or C.O.R.C. in 10 days, I wrote to grievance on 3-25-2020 and asked what was going on. On 3-26-2020, I received a letter and my grievance back from L. McFlinn, IGP supervisor stating to mail my grievance appeal to the facility that I originally filed. That same day I mailed my appeal out to Five Points on 3-26-2020. On 3-27-2020, 54 days after the superintendent received my grievance I get his response to my grievance. However as I just stated I had sent my appeal out on the Date of 3-15-2020, and again on 3-26-2020, which I had the right to do so under Directive 4040, section 701.5(d)(1). On 4-6-2020, when I did not hear from C.O.R.C. saying that they received my appeal, I wrote my appeal out again and sent it to the central office Review committee in Albany with a letter letting them know what is going on. Now on 4-7-2020, I get a letter from IGPS, M. Schultz, with my appeal and another copy of the superintendent response to my grievance. Schult did not file my grievance appeal to C.O.R.C. the letter she sent was received at this facilit on 4-6-2020, but I did not sign for it until 4-7-2020. Some thing should be done about the games these grievance officer's or clerks / supervisor's are Playing. My appeal should be          1-of-2 pages

filed with the Central office Review committee, I sent them my appeal myself on 4-6-2020. I beleave that the IGP supervisor's at Five Points and here at SouthPort are working together on behalf of the superintendent of Five Point to cover up the face that C.O. confer and a few other officer's Assaulted me. by claiming I did not exhaust my administrative remedies.

Please write me back and let me Know that you have receved this complaint.

Thank you for your time

4-14-2020

 **Commission of Correction**

**ALLEN RILEY**
Chairman

**THOMAS J. LOUGHREN**
Commissioner

April 22, 2020

Mr. Trevis Ragsdale
DIN #04A5085
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

Dear Mr. Ragsdale:

This is in response to your letter dated April 14, 2020 and received by the Commission on April 17, 2020.

Please be advised that you have followed correct procedures by notifying the Central Office Review Committee. It is recommended that you await a response from them.

Sincerely,

Bureau of Field Operations
NYS Commission of Correction

---

Exhibit

#49 Assaulted by CO Staff

FPT-0003-20

From: Trevis Ragsdale, Din#04A5085, Locking 12-C7-34    2-2-2020

To: Inmate Grievance Program.

On 1-30-2020, I had a fight with another inmate inside the kitchen C.O. confer was one of the responding staff. After force was used (20-029) and I was put into mechanical restraints, C.O. confer a long with a few other officers whom was part of the responding staff and the 10 block sergeant for that day, took me out into the mess Hall and body slamed me to the floor and started Punching, Kicking and jumping on my face and head with there knees. this went on until I passed out. When I got to medical the assault started again, the order was given by the 10 block sergeant to fuck the nigger up some more befor they take the pictures that way it looks like the other nigger did it. As confer punched me over and over, he said I got your black ass now, you like to write us up see how much that help you now. they Punched, Kicked and kneed me until I passed out again. I heard the sergeant say don't give him no shower let his black ass burn, the he told the female nurse to just put down that he is high on some thing and she said year that what I'll write he high on something. I was put in a cell with that chemical agents on my face, head, arms, back, all night burning me until 12:50 the next day when I told my medical provider that I was burning that they me get a shower to wash off the chemicals.

I want to sue C.O. confer who works in 10 block, I want to sue the other officer's who help confer Assault me. I also want to sue the 10 block sergeant for the few hits he got in and for giving the offices the o-Kay to assault me in the frist place. I want to sue the female Nurse because she found it funny that they was assaulting me and help the sergeant cover it up by lying.

I want three hundred thousand dollars from each person that took part in the assault, and from the people that stood around in did nothing to stop it and tried to help cover it up. I also want c.o. confer and his Gang of officers Prosecuted for assaulting me. I've had my phone call and told my family what's going on, and they called I.G. and let them know what's going on. This Grievance should be coded #49 in sent to the superintendent by the end of the day.

RECEIVED

FEB 05 2020

IGRC                    C.C.

| | | GRIEVANCE NO.<br>FPT-0003-20 | | DATE FILED<br>2/5/20 |
|---|---|---|---|---|
| NEW YORK STATE | **Corrections and Community Supervision** | FACILITY<br>Five Points Correctional Facility | | POLICY DESIGNATION<br>I |
| INMATE GRIEVANCE PROGRAM | | TITLE OF GRIEVANCE<br>Assaulted by Staff | | CLASS CODE<br>49 |
| SUPERINTENDENT RESPONSE | | SUPERINTENDENT'S SIGNATURE | | DATE<br>3/19/20 |
| GRIEVANT:<br>Ragsdale, T | | DIN #<br>04A5085 | | HOUSING UNIT<br>Southport |

 

Grievant is advised that all complaints in his grievance have been investigated. The Grievant states that he had a fight with another inmate and that CO C was one of the responding officers. He states that this officer took him behind the mess hall and assaulted him. He goes on to state that he was again assaulted when he got to medical. Per the investigation all staff was interviewed and deny the allegations. Video footage was reviewed and shows that the inmate was not assaulted. Medical staff states the injuries were consistent with the fight he was in. Based on this information I see no merit to this grievance.

Grievance is Denied



COMPLETED
MAR 2 0 2020

---

## APPEAL STATEMENT

If you wish to refer the above decision of the Superintendent, please sign below and return this copy to your Inmate Grievance Clerk. You have seven (7) calendar days from receipt of this notice to file your appeal. * Please state why you are appealing this decision to C.O.R.C.

_____

_____

_____

| | |
|---|---|
| _____ | _____ |
| Grievant's Signature | Date |
| _____ | _____ |
| Grievance Clerk's Signature | Date |

*An Exception to the time limit may be requested under Directive #4040, section 701.6 (g)

FORM 2133 (02/15)

Exhibit



2-5-2

# Sick Call

Trevis Ragsdale, Din#04A5085  Locking  12-C2-34

Since I've been in this cell I put down for sick call 3 times and yall stop here the very frist time.

The officers Punched, kicked, and jump down on my face and head with their knees. my head won't stop hurting, my ribs hurt, my shoulders and hands hurt. I need medical help and I want a M.R.I. to see what is wrong with me. Yall saying that I'm alright, but I'm not because I'm hurting.

Sick call

Trevis Ragsdale, Din#ovA5085, Locking 12-c2-34                          2-6-2020

I was assaulted by C.O. Confer and a few other officers on 1-30-2020.
I had been sprcid in the eyes with chemical agents (20-029), and I was
put in mechanical restraints, then I was picked up body-slammed to the floor.
While on the floor the officers started punching, kicking and jumping down on
my face and head with their knees until I passed out, when I got le medic
they assaulted me again, beating my whole body until I passed out again.
I've been in pain, my head hurts, my ribs hurt, my hands hurt, my
lower back hurts, the only nurse that have come to see me for sick call
and that was the first time I put down, said she looked at my ex-rays and
I might have a concussion. I need something for the pain and I want
a M.R.I. to see what is wrong with my head, ribs and hands and
my back.

Sick Call                    2-11-2020

Trevis Ragsdale, Din #Ø11A5085, Looking 12-CC-34.

I don't understand why I have not be called out to see medical.
Every time I write you, I tell how the officer's assaulted me,
alright you'll give me adderprin for my head, but what about my ribs,
my shoulder and my wrists. What about the pain in my lower back.

I'm in pain and aint no body trying to give me any medical help. I keep
telling you I want a M.R.I. or for some body to even look of my wrists,
my shoulder, my ribs. The pain it my head as mat as bad as it was, it still
hurts but it came and go. Most of the time it start to hurt at night, my
left eye will start jumping and my head will start hurting real bad. Then
I will have to take two of them parts of adderprin you'll give me at sick call,
you don't even look at my wrists. When you'll come for sick call, you don't
take notes of nothing, you just give me 4 pack of adderprin end I have
to put down for sick call the same night for the next day.

I need to see some body at medical, this is like torture.

Sick Call

2-15-2020

Trevis Ragsdale, Din#04A5085, locking 12-C2-34

I don't understand why I can't see a Doctor.

It's been two week's since I was assaulted by the officer's, my wrists, my shoulder and my ribs and lower back should not be still hurting, and I'm still got thas pain in my head, it's not hurting as much as it was but it come and go but when it comes my head really hurts, like I said it's been two week's, so something has to be wrong, I need to see a Doctor and I need of M.R.I. and I ran out of addaprim.

From: Trevis Ragsdale, Din#04A5085, Locking in 12-C2-34     2-6-2020
TO: Inmate Grievance Program.

On 1-30-2020, I was assaulted by C.O. Confer and a few other officers.
I was body slam to the Floor while my hands was in mechanical restraints
and I could not see because I had been spraid in the eye's with - - -
Chemical agents. while on the Floor the officers started punching, kicking
and jumping down on my head and Face with their knees until I passed out.
When I got to medical the assault started again, kicking, punching
kneeing me in the ribs and just beating my body until I passed out
again. then I was put in a cell all night with the chemical agent (20-027)
burning me because they never gave me a shower to get the chemical off.
that night and the next day my head and face was swollen, I could not see
out of my right eye because it swelled closed. my medical provider put me in
to have ex-rays of my head and ribs. Now I've been putting down for sick call
every day since I been in this cell, the frist time I put down the man nurse
came to see me, I told him how my head been hurting and my ribs hurt.
he said he look at my ex-ray and I might have a concussion, and he gave
me something for the pain, but it was only 4-pack's of these little pills.
Since then I've put in 4-to-5 sick call slips and this female nurse will not
stop at my cell for Sick call. This nurse is deliberately depriving me medical
treatment. this is deliberately indifferent to a serious medical need that
that she has actual Knowledge of. I know for a fact she knows what going on
because ① I believe she was one of the nurses working when the officers
assaulted me at medical. ② every time I write sick call on paper I tell them
how I was assaulted and what is hurting me. ③ She told two sergeants that she
haven't been getting my sick call slips, but then I get a paper in the mail from
12 block sick call say that I have to be up, dressed. with the light on at my door
or the nurse won't stop, as if I haven't been on my door waiting. the truth.
is the last few days I've been on my door and she just walk pass and I asked
if she was sick call and She didn't even look at my door. And If she not
getting my sick call slips, that shows that some one is taking them to
deliberately deprive me of medical treatment. I want to sue this nurse
for trying to help C.O. confer and the other officers cover up assaulting me
I want three hundred thousand dollars from her. I also want a m.R.I
and I want a copy of the video from the cameras in the mess Hall
from 1-30-2020, Starting from 1:50pm until 2:50 p.m.

From: Trevis Ragsdale, Din#04A5085, Locking in 12-C2-34        2-9-2020
TO: Nurse Administrator.

Before I put a medical negligence claim in, I'm writing you with hopes of getting the medical treatment that I need. I've put down for sick call about 5 to 6 times and they only came to see me two times. Even the night the officers assaulted me, your nurses did nothing to treat me for the pain I was in. Even my medical provider did nothing to treat me for the pain I was in, the only thing he did was get me a shower to get the chemical agents off because they never gave me the shower the day before when they frist spraid me. And he got me a ex-ray of my head and ribs, that's it. My face and head was swollen all over, my eye was swelled closed, my lips was swollen where I couldn't really talk. my wrists was swollen and cut up, and all he had to say was that the swelling in my wrists will go down. my shoulders and arms was marked up where the hit me with something , my knees was hurting from them kicking in my legs. my provider gave me nothing for the pain I was in. As I said I've put in for sick call about 5 to 6 times and I only been seen two time, the frist and the last time I put in, both times all they gave me was 4 pack's of Addaprin, that nurse that came to see me the frist time I put down for sick call, told me that he looked at my ex-ray and I might have a concussion. So now I'm writing to you as I said with hopes of getting the medical treatment I need. My head don't hurt as much as it was, it comes and go's, my left eye will start jumping and my head will start hurting. I can't sit up for to long because my ribs on my left side will start hurting. both of my shoulders still hurt but my right shoulder hurts more and you can see the bone, the bone is what really hurts. both of my wrists was cut up from the handcuff being so tight. the swelling went down, but it feels like they damaged the nerves in my hands, my right thumb hurts and my left thumb and wrist hurts. and my right knee hurts, and the lower back on my left side hurts. I want a M.R.I. and something for the pain. it's been 10-days since they assaulted me. I should still be hurting as much as I do, I be in pain at night. something is wrong, they really fucked me up. Please do some thing to get me the medical treatment I need soon. Thank you for your time, Please write me back so I know you got this letter.

From: Trevis Ragsdale, Din#04A5085, Locking 12-C2-34        2-11-2020
To: Superintendent of Five Point correctional facility.

I'm writing you with the hope of getting some medical help. Every time I write Sick call, I tell them how I was assaulted by the officer's and how I'm in pain. I've wrote to the Nurse Administrator and told her what happen to me and how I'm still hurting and I still haven't been call to medical to see a Doctor. I had to put a grievance in just to get the sick call nurse to stop at my cell and I don't understand why? I know that IGRC sent you my Grievance on 2-5-2020, Plus I wrote you about the hearing officer on 2-9-2020, so I know that you know what's going on. You had to have seen the video from the mess Hall camera's on 1-30-2020, and seen for your self how your officer's assaulted me while your sergeant Stood there and did nothing to stop them from their Gang assault and battery while I was handcuffed behind my back and couldn't see because of the chemical agents (20-029) that was spraid in my eye's. What you didn't see was the assault did end in the mess Hall; when I got to medical your officer's made a game out of beating on me while the nurses found it funny that they beat me until I passed out. How your Sergeant told them to let his black ass burn, and they put me in a cell all night burning from that chemical agents on my face, head, arms, back, because they didn't give me a shower to get the chemical off my body. Now I telling you, like I tell Sick call every time I write them, like I told the Nurse Administrator when I wrote her on 2-9-2020. the frist time I put in for sick call the nurse told me that he looked at my ex-rays and I might have a concussion. Now my head haven't been hurting all day the way it was before, but during at night my left eye starts jumping and my head start hurting; I be in so much pain I feel like running my head into the wall. my right shoulder hurts, it's really the bone you can see it a little. my hands hurt all day from the cuffs being so tight the cut in to my wrists and damaged the nerves or something. but I really need my ribs on my left side looked at. If I turn the wrong way it send pain through my body, if I sit up to long my ribs start hurting. some for my lower back. my right knee still hurt but not as much. I need a M.R.I. Since now body here knows what's going on and don't want to help me, I need to see a outside Doctor I'm in Pain all day; I be trying to sleep the day away, but like now I'm ur almost hurting.

I'm up all night, every night in pain. I shouldn't have to go through this, I did nothing for your offices's to assault me the way the did and I can't even get no medical help like I did something wrong. I'm hurting and I don't know how much more I can take, this is fucking torture, I be feeling like killing myself to stop the pain, I need to see a Doctor. I make copy's of every letter I write that's why this one is Dated 2-11-2020, because I sent the copy to my Brother and I wanted to give it time to get out the facility befor I sent you this letter, you be hearing from my family real soon. I know you trying to get me out of the facility as soon as you can, so ya'll can try to cover up the assault. that why you let the hearing officer do the rest of the hearing with out me knowing after I had wrote you and to you that prisoners have a federal due process and a state regulatory right to attend their disciplinary hearing. What's crazy is you or the hearing offices still haven't informed me that she did the rest of the hearing without me, and gave me more the 60 days SHU. Still haven't informed me of my right to appeal. I just happen to see O.R.C. - - - Brumbaugh today and stop him to ask if he knew what was going on with my hearing, and he said that he just put me in for a transfer. So ya'll was just going to send me out of here on the low, so you a part of the cover up to, why? know this, I'm going all the way with this. I know that confer had family here and that they was strong but I didn't think they was stronger then you!!

Exhibit



B-8-13



## Corrections and
## Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

RECEIVED
SOUTHPORT CORRECTIONAL FACILITY
CORRESPONDENCE
MAR 1 0 2020

February 18, 2020

Mr. Trevis Ragsdale
04-A-5085
Auburn Correctional Facility
135 State Street
Auburn, NY 13024

Dear Mr. Ragsdale:

Governor Cuomo and Acting Commissioner Annucci has asked me to respond to your letter alleging assault by staff at Five Points Correctional Facility.,

This office has received your complaint and is investigating the allegation.

Sincerely,

Darren T. Miller
Acting Deputy Commissioner/Chief
Office of Special Investigations

cc:    Superintendent Thoms, Five Points C.F.
       Superintendent McCarthy, Auburn C.F.
       Central Files

# Prisoners' Legal Services of New York

| | | |
|---|---|---|
| KAREN L. MURTAGH<br>*Executive Director* | 114 Prospect St.    ◆    Tel.:  607-273-2283<br>Ithaca, NY  14850    ◆    FAX: 607-272-9122 | ALISSA HULL<br>*Managing Attorney* |

BETSY HUTCHINGS
*Deputy Director*

HALLIE E. MITNICK
MEGAN P. WELCH
*Staff Attorneys*

May 20, 2020

Trevis Ragsdale
04-A-5085
Caller Box 119, State Route 96
Romulus, NY 14541

Dear Mr. Ragsdale:

Greetings. I received your letter dated May 3, 2020, and I am very sorry to hear that you are in a lot of pain. Unfortunately, I still cannot assist you with your assault by guards claim. I encourage you to file a claim on your own using the form materials I previously sent you.

Please let me know the disposition as soon as your rehearing has concluded. The video was not provided to me when I sent a FOIL request, so I cannot give you a copy. I encourage you to object to all of the procedural issues you mentioned in your letter on record at the rehearing.

If you have any questions, please feel free to write to me. Take good care.

Sincerely,

Megan Welch
Staff Attorney

Exhibit

G

From: Trevis Ragsdale, Din #04A5085, Locking 12-C2-34,     2-5-2020
to: O.R.C. ms. Hall.

ms. Hall being that you work 10 block 4-day a week and you are friends with C.O. Confer and that little short sergeant, I know, you know that they assaulted me.

I wrote to the Guidance Unit / F.O.I.L. office, and told ya'll that I would like to pay for the video in the mess Hall on 1-30-2020, from 1:50 p.m until 2:50 p.m. Nobody from the Guidance unit or F.O.I.L. office has wrote me back or said anything. So now, being that you are my O.R.C. I'm going to tell you what c.o. confer and that little sergeant did to me and ask that you get the video for me and report what they did to I.G.

On 1-30-2020, I had a fight with another inmate in the Kitchen. C.O. Confer was one of the responding staff. After force was used, that is I was spraid with the - - - Chemical agents (20-029) and I was put into mechanical restraints, and I complied with all order's. C.O. Confer, 10 block sergeant, and a few other officer's took me from the Kitchen out to the mess Hall. Once inside the mess Hall they picked me up and body slamed me to the floor. At this time I still have the chemical agent in my eyes and my hands are in restraints behind my back. confer and the other officer's started punching, Kicking and jumping down on my head and face with their knees. Their gang assault went on like this until I passed out. When I got to the medical unit the assault started again, the order was given by the 10 block sergeant to fuck the nigger up some more befor they take the pictures, that way we can say the other nigger did it. as confer punched me in the face over and over, he said I got your black ass now, this what you get for writing me up. I also heard the sergeant say don't give him no showes, let his black ass burn. I was put in a cell all night with that chemical agent on my face, head, arms, back; until 12:50 the next day when I seen and told my medical provider what they did to me. I don't understand why they assaulted me like they did, I did nothing to confer or that sergeant. I come and go, I go to school in the morning and I work every day from 1 to 6:30 or 8:00 p.m by state and federal Law, it is my constitutional right to be free from assault by inmate and officer. Confer and that sergeant violated the Eighth Amendment, The 8th amendment specifically prohibits cruel and unusual punishment of people who have been convicted of crimes.

It's about 50 camera's in that mess Hall, and the video from 1-30-2020, from - - - 1:50 p.m to 2:50 p.m will show that the officers used force maliciously, for the purpose of hurting me. So I am asking you again, please do not help them cover this up. Repost this to your boss and I.G. and please get me a copy of the video, I'll pay for it, write me back and let me know how much it is. and so you know I already wrote the commissioner, mental Health, P.L.S., the Governor's office. I need Pleas get back ...

# FIVE POINTS CORRECTIONAL FACILITY

## February 11, 2020

**TO:**      **Ragsdale, Trevis**      **04A5085**      **12-C2-34B**

**FROM:**    **S. HILL, ORC**

**RE:**      **FOIL**

---

In response to your letter received in the Guidance unit date stamped 2/6/20 re: viewing a video, the FOIL unit has received your FOIL request.

cc: Guidance file



# Corrections and
# Community Supervision

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

To: RAGSDALE, T            DIN: 04A5085        LOC: 12-C2-34B

From: M. Schultz, IGPS

Date: 2/11/20

———————————————————————————————

——--- Your grievance (FPT-) is being investigated. You will receive a response in

accordance with DOCCS Directive #4040.

——--- Your grievance was dismissed and closed.

X
——--- Your grievance (FPT-0003-20) has been passed through to the Superintendent. You

will receive your answer from the Superintendent in accordance with DOCCS

Directive #4040.

——--- Your grievance (FPT-) appeal was sent to CORC on

——--- We have no grievances on file for you concerning this issue. Please resubmit.

——--- All grievances are handled in accordance with DOCCS Directive #4040. We do not

discriminate or give preferential treatment based on location or inmate.

——--- Your grievance is being sent back to you due to the fact that it is untimely.

——--- Other/Comments:

CC: File

From: Trevis Ragsdale, Din#04A5085, locking 12-C2-34.     2-9-2020
To: Deputy Superintendent for Administration's office.

The Eighth Amendment specifically prohibits cruel and unusual punishment of people who have been convicted of crimes. However on 1-30-2020, I had a fight in the kitchen with another inmate. C.O. Confer was a part of the responding staff. After I been spraid and put in handcuff's, C.O. Confer, the 10-block sergeant, and a few other officer's, took me into the mess Hall, picked me up and body slamed me to the floor. They then started punching, kicking and jumping down on my face and head with their knees. this Gang assault and Battery went on until I passed out. The force that these officee's used, was not in a good faith effort to maintain or restore discipline. We know this because the officer who wrote the misbehavior report states that after the responding staff used the chemical agents (20-029) and I was put into mechanical restraints, I complied. So the force these officers used was used maliciously and sadistically and for no other reason the to hurt me. this makes it cruel and - - - unusual punishment which violates my Eight Amendment. The video tapes from the camera's in the miss Hall show this, but C.O. Confer has family that are a part of the Administration's office that's trying to help cover this assault up. that's why it's nothing in a U.I. report, use of force report, or misbehavior report, saying any thing about how they assaulted me inside the mess Hall. So under the freedom of information Law, Im making this F.O.I.L. request to you, I want the video from the camera's inside the mess Hall's, on 1-30-2020, time from 1:50 p.m. until 2:50 p.m. I already wrote Governor Cuomo about this cover up of this assault, Prisoner's legal services, New york State Police, the commissoner, the Inspector General, and put in a Grievance, oh and I wrote to the Office of mental Health in Albany. And my family has made a few calls. Please let me know in writing if I can get a copy of the video, if I have to pay just let me know how much, if I can't get it, I would like to know the reason why and to whom I have to appeal.
Thank you for you time, I hope I receive an acknowledgement of receipt within five business days.

C.C.

From: Trevis Ragsdale, Din#04A5085, Locking 12-c2-34      2-17-2020
To: Guidance Unit/F.O.I.L. office or O.R.C.

Re: Freedom of information Law request

Dear sir or Madom, Under the provisions of the New York Freedom of Information Law, Article 6 of the public officers Law, I here by request records pertaining to A fight that happen in the facility kitchen on 1-30-2020, I want a copy of the video from the mess Hall on 1-30-2020, time 150pm until 2:50 p.m. I want the use of force report, the U.I. Report. I want all the officer's names that was on the responding staff that responding to the kitchen I want the officer's name that escorted me from the kitchen to medical I want the whole video of the offices's escorting me from the kitchen down the hallway into medical. I want every medical report and record made, on me on 1-30-2020, and 1-31-2020, I want the Pictures they took of me on 1-30-2020. I want a copy of all report's/records made on me and about me on 1-30-2020, and 1-31-2020. If there are any fees for copying the records requested, please inform me before filling the request or please supply the records without informing me if the fees are not in excess of $10.00.

As you Know, the freedom of information Law requires that an agency respond to a request within five business days of receipt of a request. Therefore, I would appreciate a response as soon as possible. and look forward to hearing from you shortly. If for any reason any portion of my request is denied, please inform me of the reasons for the denial in writing and provide the name and address of the person or body to whom an appeal should be directed. I am also including a signed disbursement form with this request.

From: Trevis Ragsdale, Din#04A5085, Locking B-4-5,                    2-23-2020

To: S. Hill, ORC

RE: Foil

I'm writing you because I have not received a response to my F.O.I.L. request stamed 2-6-2020. Five points Orientation manual states that I will receive -- acknowledgement of receipt within 5 business days and a response within -- 15 business days of the date receipt. Ya'll received my request on 2-6-2020, ya'll wrote me back on 2-11-2020, letting me know that the foil unit has received my request, it is now 2-23-2020, and I have not received a response to my request for the video tape from the mess Hall Dated 1-30-2020, time 1:50p.m until -- 2:50p.m. It's been more then 15-day's, I want to know what is going on. Our ya'll joing to respect the freedom of Information Law, Article 6 of the public officers Law. If not please inform me of the reasons fo the denial in writing and provid the name and address of the person or body to whom an appeal should be directed, before I put an Article 78 in.

2-26-2020

From: Trevis Ragsdale, Din#04A5085, Locking B-4-5

TO: Deputy Superintendent for Administration's office.

Under the provisions of the Newyork Freedom of information Law, Article 6 of the public officers Law, I hereby request for the second time a copy of the video tape from the mess Hall's camera's, Date 1-30-2020, time 1:50 p.m. until 2:50 p.m.

The frist request that I made to you for this video was on 2-9-2020, I also put a Grievance in on 2-20-2020, when you did not respond to acknowlege receipt within the 5 business day the freedom of information Law requires an agency responds to a request. It has been 15 days which is the time you have to respond to my request, and you still haven't acknowlege receipt or responded to my request. Therefore, I would appreciate a response as soon as possible and look forward to hearing from you shortly. If for any reason my request is denied, please inform me of the reason for the denial in writing and provide the mame and address of the person or body to whom an appeal should be directed. I must inform you that by you not respecting the freedom of information Law, that requires an agency to respond to a request, seem's like you are trying to cover the gang assault and battery up for C.O. Confer and the other officer's that hand a hand in it.

so if I don't hear from you in a few day, being that you already pass the 15-days, I will put a Article 78 proceeding in.

Sworn to before me this ___27th___

Day of ___Feb___, 20 _20_

_____
Notary Public

Sincerely, Travis Ragsdale

TIM S. HOURIHAN
Notary Public, State of New York
Chemung County No. 01H06154367
Commission Expires October 23, 20 _2 2_



**Corrections and
Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

March 6, 2020

RAGSDALE, TREVIS (04A5085)
0B-08-013 - SOUTHPORT

Re:    **FOIL Log No. FPT-0062-20**

Dear Mr. Ragsdale:

This is in response to your New York State Freedom of Information Law request for a copy of video footage from inside messhall, on 1/30/2020 from 1:50pm to 2:50pm.

The Department's Freedom of Information regulations require that we provide access to and copies of existing documents with the exception of those exempt for specific reasons. Your request for records is unclear and we are unable to understand the request well enough to seek specific clarification. You must be clear about the records you wish to obtain.

You may file a renewed records request with additional clarification. *Be specific on what messhall you are wanting the video footage from.*

Sincerely,

S. Wayne
OA1
Inmate Records

From: Trevis Ragsdale, Din#04A5085                                    3-11-2020

To: O.R.C / F.O.I.L. office/ S. Wame, OAI, inmate Records.

Re: Freedom of information law request.

Under the provisions of the New York Freedom of Information Law,
Article 6 of the public officers Law, I here by request the video tape
from both mess Halls and the Hallway. Since you said I was not specific
on what mess Hall I wanted the video footage from. ① I want the video
from the camera's in the B-Side mess Hall, Date 1-30-2020, time
1:50 p.m. until 2.50 p.m. ② I want the video from the camera's in the
A-Side mess Hall, Date 1-30-2020, time 1:50 p.m. until 2:50 p.m.
③ I want the video from the camera's in the Hallway, starting from
the B-Side mess Hall door to medical, Date 1-30-2020, time 1:50 p.m. - -
until 2:50 p.m. Again, ① I want the video tape from the camera's in the
B-Side mess Hall, Date 1-30-2020, time 1:50 p.m. until 2:50 p.m.!
I want the ~~camera's~~ video tape from the camera's in the A-Side mess Hall, Date
1-30-2020, time 1:50 p.m. until 2:50 p.m.! ③ I want the video tape
from the camer's in the Hallway starting from the mess Hall door
to medical, Date 1-30-2020, time 1:50 p.m. until 2:50 p.m.

The reason why I want these video's, is they show C.O. Confer and
other officer's Gang assault and Battery me inside one of the mess Halls
and on my way to medical. So I am sending this FOIL request to you
again, this will make five request that I've put in for these tape's
my FOIL Log # FPT-0062-20. As you know, the freedom of information Law
requires that an agency respond to a request within five business days of receipt
of a request. therefore, I want a response as soon as possible. If for any reason
any portion of my request is denied, please inform me of the reason for the
denial in writing and provide the name and address of the person or body
· whom an appeal should be directed.



**Corrections and Community Supervision**

ANDREW M. CUOMO
Governor

ANTHONY J. ANNUCCI
Acting Commissioner

March 13, 2020

RAGSDALE, TREVIS (04A5085)
0B-08-013 - SOUTHPORT

Re:    FOIL Log No. FPT-0091-20

This is in response to your letter sent to the FOIL Office requesting preservation of video footage from a-side and b-side messhall on 1/30/2020 from 1:50pm to 2:50pm.

Your request has been forwarded to the DSA for response.  Please note that any videos depicting significant incidents are preserved in accordance with Departmental Directive 4942.  As you know, videos at Five Points CF are available in the Department's system for 14 days.

We are attempting to determine what, if any, records are available concerning your request.  We anticipate a reply should be forwarded to you within 20 days of the date of this letter unless you are notified otherwise in writing.

Also note, the records access officer at a facility (commonly referred to as the FOIL Officer) processes requests for records release.  The FOIL Officer is not the custodian of facility records and has no direct control or the preservation or destruction of records.

Regards,

S. Warne
OA1
Inmate Records

CC:    FOIL Records

*\*\*Please be advised, the Business Office does not process
Authorized Advance Requests for FOIL payment.\*\**

If you do not agree with any part of this decision, you may appeal by writing the Office of the Counsel & FOIL Appeals Officer, NYS Department of Corrections and Community Supervision, The Harriman State Campus, 1220 Washington Avenue, Albany, New York, 12226-2050.

In appeal correspondence, please clearly note your name, DIN number, facility from which records were requested, and the FOIL Log Number provided.



**NEW YORK STATE** | Corrections and Community Supervision

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

## MEMORANDUM

TO:         T. Ragsdale             04A5085                Southport

FROM:     J. Minnerly, Deputy Superintendent of Administration

DATE:     March 17, 2020

SUBJECT:   FOIL REQUEST FPT-0091-20

Your FOIL Request for the date of 01/30/20, cannot be processed. The video is no longer available for preservation due to the length of time that has passed since.

JM/tr

cc:     FOIL Officer
        File
        Inmate

Exhibit

FORM 2171A (10/14)          STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
Side 1

_Five Points_          **Correctional Facility**

# INMATE MISBEHAVIOR REPORT ♦ INFORME DE MAL COMPORTAMIENTO DEL RECLUSO

| 1. NAME OF INMATE (Last, First) ♦ NOMBRE DEL RECLUSO (Apellido, Nombre) | NO. ♦ NÚM. | HOUSING LOCATION ♦ CELDA |
|---|---|---|
| Ragsdale | 04A5085 | 10-C1-13 |
| 2. LOCATION OF INCIDENT ♦ LUGAR DEL INCIDENTE | INCIDENT DATE ♦ FECHA | INCIDENT TIME ♦ HORA |
| Mess hall kitchen | 1-30-20 | 1:50 Pm |

3. RULE VIOLATION(S) ♦ VIOLACIÓN/ES

100.13 Fighting          106.10 Direct order.

104.11 Violent conduct.

104.13 Creating Disterbance

4. DESCRIPTION OF INCIDENT ♦ DESCRIPCIÓN DEL INCIDENTE

On the above date at the approximate time while working in the Mess hall, I was in the kitchen office I herd a loud comotion coming from the kitchen area, when I arrive I witnessed Inmate Barber 09B3531 on the ground with inmate Ragsdale 04A5085 exchanging closed fist punches, I gave sevial direct orders to stop fighting and brake it up, all of which were ignored. Inmate Ragsdale continued to fight until responding staffed arived and force was used (20-029). At that time inmate Ragsdale complied and was put into mechanical restraints. At that time there was approximatly 40 other inmates in the Mess hall working that stopped working to watch the fight.

| REPORT DATE ♦ FECHA | REPORTED BY ♦ NOMBRE DE LA PERSONA QUE HACE EL INFORME | SIGNATURE ♦ FIRMA | TITLE ♦ TÍTULO |
|---|---|---|---|
| 1-30-20 | N. Mathewson | N Math | C.O |

5. ENDORSEMENTS OF OTHER EMPLOYEE WITNESSES (if any)          SIGNATURES:

ENDOSOS DE OTROS EMPLEADOS TESTIGOS (si hay)          FIRMAS:   1. _____

CONTINUED

Form #2104 (3/16)
Part A 2 of 2

Ref. directives #4004, #4944

STATE OF NEW YORK - DEPARTMENT OF CORRECTIONS AND CUMMUNITY SUPERVISION

## USE OF FORCE REPORT

There are _____ other
reports filed under this
Use of Force Log #

| TYPE OF FORCE USED | 03,04 02 | 01 Baton | 03 Chemical Agents | 05 Use of Firearms | 07 Strike |
| --- | --- | --- | --- | --- | --- |
| | | 02 Body Hold | 04 Mechanical Restraints | 06 Shield | 99 Other |

**DESCRIBE, IN DETAIL, THE ACTUAL FORCE USED** (This should include, but not be limited to, the following information if known by the reporter: individuals involved in event;-reason force was necessary under the circumstances; description of any weapon or equipment used; description of any hold or strike used; if chemical agent(s) was used, name of authorizing individual.)

Officer Luchey administered one application (consisting of two one second bursts) of OC pepper spray (can#5) to the facial area of inmate Ragsdale and one application (consisting of two one second bursts) to the facial area of inmate Barber. Officer Gonzalez administered one application (consisting of two one second bursts) of OC spray (can#109) to the facial area of inmate Barber. Inmate Barber followed staff direction at this time and attempted to get away from inmate Ragsdale. Officer Gonzalez applied mechanical wrist restraints to a now compliant inmate Barber and escorted him away from inmate Ragsdale. Inmate Ragsdale was still being combative and trying to get to inmate Barber making it necessary for Officers Mathewson and Luchey to use upper-body holds to try and restrain inmate Ragsdale. Officers Mathewson and Luchey were struggling to gain control of inmate Ragsdale when Officer j. McCarrick arrived and applied one application (consisting of two one second bursts) of OC pepper spray (can#25) to the facial area of inmate Ragsdale. The application did not have the desired effect and inmate Ragsdale continued to be combative. Officer McCarrick then joined Officers Mathewson and Luchey in using upper-body holds to try and take inmate Ragsdale to the floor. Inmate Ragsdale continued to struggle causing all of them to fall into the keep-lock serving table and then onto the floor. Officer M. Ford arrived and helped force inmate Ragsdale's hands behind his back and was eventually able to force mechanical wrist restraints onto inmate Ragsdale. At this point inmate Ragsdale became compliant and all force ceased.

**DESCRIBE, IN DETAIL, ACTION(S) TAKEN FOLLOWING THE UOF** (This should include, but not be limited to, the following information: Description of any injuries you sustained.)

Inmate Ragsdale was escorted to the infirmary and decontaminated per directive 4903. Inmate Ragsdale was seen by R.N. Stanton and found to have a swollen right eye, a scratch with swelling on his right forehead, a small abrasion to his left shoulder and a bruise on his back. Use of force photographs were taken. Medical staff deemed inmate Ragsdale as under the influence of an unknown intoxicant and admitted him to Infirmary room #4 for medical observation.



| | | | | |
| --- | --- | --- | --- | --- |
| ▮▮ Masocco | *Masocco* | | Sgt. | 1/30/20 |
| REPORTER - Name | Signature | | Title | Date |

Exhibit



```
PAGE    2                        STATE OF NEW YORK           PRINTED AT
             DEPT OF CORRECTIONS AND COMMUNITY SUPERVISION   02/28/20  03:36 PM
                           UNUSUAL INCIDENT REPORT
```

FIVE POINTS                    FAC CODE 370    FAC LOG# 200040    CCC# 284046

                                UF LOG# 200029

INCIDENT DATE    01/30/20   TIME 01:50 PM  LOCATION   KITCHEN

        USE OF FORCE   YES      WEAPON USED   YES    WORKPLACE VIOLENCE   YES

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

EVENTS CAUSING:

FIGHT ERRUPTED BETWEEN INMATES RAGSDALE 04A5085 (10-C1-13T) AND BARBER
09B3531 (10-C1-2T) IN THE KITCHEN AREA.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

ACTION TAKEN:

BOTH INMATES WERE DECONTAMINATED PER DIRECTIVE 4903. USE OF FORCE PHOTOS
WERE TAKEN. INMATES WERE EXAMINED BY FACILITY MEDICAL WITH INMATE BARBER
HAVING NO INJURIES NOTED AND INMATE RAGSDALE NOTED TO HAVE A SWOLLEN RIGHT
EYE ORBITAL AND A SUPERFICIAL ABRASION TO HIS LEFT SHOULDER. INMATE
RAGSDALE'S INJURIES WERE CLEANSED AND ICE APPLIED. MEDICAL STAFF DEEMED HE
WAS UNDER THE INFLUENCE OF AN UNKNOWN INTOXICANT AND HE WAS ADMITTED TO THE
FACILITY INFIRMARY FOR OBSERVATION. ALL INVOLVED STAFF WERE EXAMINED BY
MEDICAL AND REMAINED ON DUTY. OFFICER LUCHEY REPORTING RIGHT ANKLE PAIN
WAS THE ONLY INJURY NOTED. SERGEANT MASOCCO ORDERED BOTH INMATES' CELLS
SEARCHED WITH NO CONTRABAND FOUND. INMATE BARBER WAS RETURNED TO HIS CELL
AND PLACED ON KEEPLOCK STATUS. CANISTERS #109,#25,AND #05 SECURED PER
DIRECTIVE 4903. ALL PERTINENT PAPERWORK SUBMITTED FOR REVIEW. O/D CAPT
SHIELDS , DSS WOODWARD , AND SUPT THOMS NOTIFIED.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

MEDICAL REPORT:

RAGSDALE: (A) SMALL ABRASION TO LEFT SHOULDER (B) RIGHT EYE SWOLLEN AND RED
, (C) SMALL SCRATCH AND SWELLING TO RIGHT FOREHEAD (D) BRUISE ON BACK
BETWEEN SHOULDERS VISUALIZED IN BOXERS.
BARBER: ZERO INJURIES DENIES ANY INJURIES VISUALIZED IN BOXERS.

    STANTON _____/NURSE _____        01/30/20  02:00 PM
                    EXAMINER NAME/TITLE                     EXAM DATE/TIME

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## UI/UOF Pictorial Report



| Date of UI: | UI # | UOF# | Din# | Inmate Name | Time Photo Taken |
|---|---|---|---|---|---|
| 01/30/2020 | 20-040 | 20-029 | 04-A-5085 | RAGSDALE | 2:05 PM |

Photo Taken By:   CO JBURRI                                Notes

## UI/UOF Pictorial Report



| Date of UI: | UI # | UOF# | Din# | Inmate Name | Time Photo Taken |
|---|---|---|---|---|---|
| 01/30/2020 | 20-040 | 20-029 | 04-A-5085 | RAGSDALE | 2:05 PM |

Photo Taken By:   CO JBURRI                                Notes

# UI/UOF Pictorial Report



| Date of UI: | UI # | UOF# | Din# | Inmate Name | Time Photo Taken |
|---|---|---|---|---|---|
| 01/30/2020 | 20-040 | 20-029 | 04-A-5085 | RAGSDALE | 2:05 PM |

**Photo Taken By:** CO JBURRI    **Notes**

# UI/UOF Pictorial Report



| Date of UI: | UI # | UOF# | Din# | Inmate Name | Time Photo Taken |
|---|---|---|---|---|---|
| 01/30/2020 | 20-040 | 20-029 | 04-A-5085 | RAGSDALE | 2:05 PM |

**Photo Taken By:** CO JBURRI    **Notes**

Exhibit

J

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

JAMES O'GORMAN
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

M E M O R A N D U M

TO:    SUPERINTENDENT PAUL T PICCOLO
       SOUTHPORT CORRECTIONAL FACILITY

FROM:  DONALD VENETTOZZI, DIRECTOR
       SPECIAL HOUSING/INMATE DISCIPLINE

DATE:  APRIL 22, 2020

RE:    REVERSAL OF SUPERINTENDENT'S HEARING

| INMATE/NUMBER | DATE OF HEARING | DATE OF INCIDENT |
|---|---|---|
| RAGSDALE, TREVIS<br>#04A5085 | FEBRUARY 5, 2020<br>BY SORC COURTWRIGHT, S C<br>@ FIVE POINTS  C.F.<br>TAPE #: 00 | JANUARY 30, 2020 |

THE ABOVE-NOTED SUPERINTENDENT'S HEARING HAS BEEN REVERSED AND A
REHEARING ORDERED ON APRIL 22, 2020,    FOR THE FOLLOWING REASON(S):

       FAILURE TO ADVISE INMATE OF THE CONSEQUENCES OF NOT ATTENDING
HEARING. COMMENCE REHEARING WITHIN 7 DAYS AND COMPLETE WITHIN 14
DAYS OF RECEIPT OF THIS NOTIFICATION.

       PLEASE DO NOT HESITATE TO SHARE THIS INFORMATION WITH THE HEARING
OFFICER WHO CONDUCTED THE HEARING OR ANY OTHER APPROPRIATE STAFF MEMBER.

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

Ithaca Office

JUL 0 6 2020

Prisoners' Legal Services
of New York

ANTHONY J. ANNUCCI
ACTING COMMISSIONER

JAMES O'GORMAN
DEPUTY COMMISSIONER
CORRECTIONAL FACILITIES

### REVIEW OF SUPERINTENDENT'S HEARING

NAME:  RAGSDALE, TREVIS                    NO.  04A5085

HEARING FACILITY:  SOUTHPORT

ON BEHALF OF THE COMMISSIONER AND IN RESPONSE TO YOUR RECENT

LETTER OF APPEAL, PLEASE BE ADVISED THAT YOUR SUPERINTENDENT'S HEARING OF

MAY 20, 2020,        HAS BEEN REVIEWED AND REVERSED ON JULY 2, 2020.



          A. RODRIGUEZ
          ACTING DIRECTOR, SPECIAL HOUSING/
          INMATE DISCIPLINARY PROGRAM


CC: FACILITY SUPERINTENDENT
      CENTRAL OFFICE FILES


APPEAL DECISION RENDERED PURSUANT TO SECTION 254.8 OF CHAPTER V AND
ELECTRONICALLY PRODUCED UPON THE AUTHORITY OF THE DIRECTOR OF SPECIAL
HOUSING/INMATE DISCIPLINE PROGRAM.

NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION
THE HARRIMAN STATE CAMPUS - BUILDING 2
1220 WASHINGTON AVENUE
ALBANY, N.Y.  12226-2050

ANTHONY J. ANNUCCI                                    JAMES O'GORMAN
ACTING COMMISSIONER                                   DEPUTY COMMISSIONER
                                                      CORRECTIONAL FACILITIES


M E M O R A N D U M

TO:    SUPERINTENDENT TIMOTHY D MCCARTHY
       AUBURN CORRECTIONAL FACILITY

FROM:  A. RODRIGUEZ, ACTING DIRECTOR
       SPECIAL HOUSING/INMATE DISCIPLINE

DATE:  JULY 2, 2020

RE:    REVERSAL OF SUPERINTENDENT'S HEARING/EXPUNCTION ORDER


| INMATE/NUMBER | DATE OF HEARING | DATE OF INCIDENT |
|---|---|---|
| RAGSDALE, TREVIS #04A5085 | MAY 20, 2020 BY EDIR LEPKOWSKI, T @ SOUTHPORT C.F. TAPE #: S524 | JANUARY 30, 2020 |


     THE ABOVE-NOTED SUPERINTENDENT'S HEARING HAS BEEN REVERSED ON
JULY 2, 2020,      FOR THE FOLLOWING REASON(S):

          HEARING OFFICER FAILED TO ADDRESS POTENTIALLY RELEVANT WITNESS
          ISSUES.


-------------------------------------------------------------------------
     RECORDS CONTAINING REFERENCES TO THE ABOVE-NOTED SUPERINTENDENT'S
HEARING ARE TO BE EXPUNGED.

     PLEASE OBTAIN ALL AVAILABLE RECORDS WITHIN 14 DAYS OF RECEIPT OF THIS
MEMORANDUM. AFTER ACCUMULATING SUCH RECORDS, PLEASE FORWARD THEM FOLLOWING
ESTABLISHED PROCEDURES.

     DO NOT SEND TAPES - RETAIN ON FILE AND MARK AS EXPUNGED.

     IF THE RECORDS ARE NOT AVAILABLE AT YOUR FACILITY, PLEASE ADVISE THIS
OFFICE AS SOON AS POSSIBLE.

CC: I.R.C., AUBURN C.F.
    EXPUNGEMENT FILE
    IRC/ SOUTHPORT CF (TAPE)

Exhibit

From: Trevis Ragsdale, Din#04/A5085                    2-24-2021
TO: A. Rodriguez, Acting Director / Special housing

I got your memorandum to superintendent Timothy D. Mccarthy informing
him that my hearing was revesed on July 2, 2020. I am writing to you
at this time because in that same memorandum to mccorthy you also
tell him to please obtain all available records within 14 days of receipt of
this memorandum. After accumulating such records, please forward them following
established procedures. Do Not send tapes - retain on file and mark as Expunged.
If the records are not available at your facility, please adise this office
as soon as possible. It sounds like you really want those records! while
I want the to, to use as evidence to sue the hearing officer for
violating my Federal and State due process rights. In so under the
provision of the New york freedom of information Law, Articl 6 of the
public officers Law, I here by request to buy hearing tape # 50#37
from a hearing Dated may 20, 2020, that you reversed on July 2, 2020.
As you know an agency has five business days to respond to acknowllege
receipt of a request. The Freedom of information Law requires an agency
respond to a request within 15 days. There fore I hope to hear from you
shortly. for any reason my request should be denied, please inform me
of the reason for the denial in writing and provide the name and
address of the person or body to whom an appeal should be directed.

Thank you for your time.

C.C.



**NEW YORK STATE** | **Corrections and Community Supervision**

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

March 09, 2021

Mr. Trevis Ragsdale
04-A-5085
Upstate Correctional Facility
309 Bare Hill Road
P.O. Box 2001
Malone, NY 12953

Dear Mr. Ragsdale:

This is in response to your letter requesting copies of certain documents.

Be advised this office does not serve as the Records Access Office for the Department.  Therefore, I recommend you submit your request to the FOIL Unit, to be handled in accordance with established Freedom of Information Law procedures.

Sincerely,

Donald Venettozzi  *For*
Director, Special Housing/
Inmate Disciplinary Programs

DV/lr
cc:    Superintendent Uhler, Upstate Correctional Facility
        Central Files

From: Trevis Ragsdale, Din#04A5085, Locking in 9-B1-9b, upstate correction  4-13-2021
To: The F.O.I.L. office / ORC, at Southport Correctional facility.
Re: Freedom of information Law request.
Dear sir or madam, Under the provisions of the New York freedom of Information
Law, Article 6 of the public officers Law, I here by request a copy of the
hearing tape #37, Date starting 5-5-2020, Date Ending 5-20-2020, hearing of
Trevis Ragsdale, Din#04A5085. If there are any fees for a copy of the hearing
tape requested, please inform me so I can pay for it.
As you know, the freedom of information Law requires that an agency respond
to a request within five business days of receipt of a request. Therefore, I
would appreciate a response as soon as possible and look forward to hearing
from you shortly. If for any reason my request for my hearing tape is
denied, please inform me of the reason for the denial in writing and provide
the name and address of the person or body to whom an appeal should be
directed.

Sworn to before me this 19th
Day of April, 20 21
_____
Notary Public

Sincerely, Trevis Ragsdale

COURTNEY E. OROLOGIO
Notary Public in the State of New York
St. Lawrence Co. No. 01OR6407513
My Commission Expires July 13, 2024

C.C.



**NEW YORK STATE** | **Corrections and Community Supervision**

9-B1-09B

**ANDREW M. CUOMO**
Governor

**ANTHONY J. ANNUCCI**
Acting Commissioner

9-B1-09B

| | | | |
|---|---|---|---|
| **To:** | **RAGSDALE, TREVIS** | **04A5085** | **UPSTATE CF** |

**From:**     **F.O.I.L. OFFICE**

**Re:**     **Freedom of Information Law (F.O.I.L.) Request  - REFERENCE #SPT-21-04-056**

**Date:**     **4/28/21**

---

√ This is to acknowledge our receipt of your Freedom of Information Law request for records.

√ The collection, review and processing of documents can be time consuming and generally takes up to 20 business days or longer to complete.

---

**Your Freedom of Information Law (F.O.I.L.) request has been handled in the following manner:**

____     Your request for            has been forwarded to            for handling.
____     The document(s) you requested do not exist at this facility.
____     The documents were redacted (*) **in accordance with** Directive #2010/POL, §87 (2) (  ).  See below.
____     Please forward a completed, authorized <u>disbursement</u> **(No Advance forms.)** marked "**IRC/FOIL**" and the above FOIL **reference number** for $    to the **Inmate Accounts** Office. Upon confirmation of payment your request will be completed. [POL §87 (1) (b) (iii)]  (Paper Copies = 25¢ per page.)
____     Your disbursement was received for your FOIL request. Upon confirmation of payment from Inmate Accounts, the request will be completed.  [POL §87 (1) (b) (iii)]
____     The            has been forwarded to your Offender Rehab Coordinator for your **review and return**.
__X__     I DO NOT SEE A TAPE #37 OR HEARING DATE OF 5/20/20 FOR YOU.

**Your request has been denied/denied in part/redacted\* for the following reasons:**

____     Specifically exempted from disclosure by State or Federal statute. [POL § 87 (2) (a)]
____     Would constitute an unwarranted invasion of personal privacy. [POL §87 (2) (b)]
____     Are compiled for law enforcement **and** if disclosed would (i) interfere with an investigation/judicial proceeding; or (iii) identify a confidential source or disclose confidential information; or (iv) reveal non-routine investigative techniques or procedures.  [POL §87 (2) (e)]
____     Could endanger the life or safety of any person. [POL §87 (2) (f)]
____     Inter-agency or intra-agency materials which are **not** (1) statistical or factual tabulations or data or (3) final agency policy or determinations. [POL §87 (2) (g)]

**Other:**

____     It is a question that requires the preparation of an answer not the production of a record.  [POL §86 (4)]
____     Record could not be located as described, be specific. [POL §89 (3) (a)]
____     Mental Health records are controlled by Mental Hygiene Law. You must request them directly from OMH.
____     Rap sheet:  Request must be sent directly to NYS Division of Criminal Justice Services.
____     Presentence/Probation Report ("PSR"): Pursuant to CPL §390.50 (1), request must be sent directly to the sentencing court or Probation Department that prepared your PSR. (PSI)
____     Medical related FOIL requests should be sent directly the Medical Unit.  Your request has been forwarded to medical.
____     Your request for Guidance / Parole file and/or records has been delivered to the S.O.R.C. or Acting S.O.R.C. for processing/ action, direct response, and completion.

---

Reference Directive #2010, FOIL/Access to Departmental Records, which references Public Officers Law ("POL") Sections 86-89                    Cc: file

You may appeal this decision by writing to the following address: Office of Counsel, NYSDOCCS, The Harriman State Office Campus, 1220 Washington Avenue, Albany, NY  12226

---

From: Trevis Ragsdale, Din#04A5085, case# 21-CV-6188 FPG.    6-7-2021
To: Clerk of the court.

I just got my copices back to day 6-7-2021, I sent One page to get copied and 7-days to get it back. I am sending 8-copies of my Amended complaint, plus the original Amended complaint. I'm sending it out to night for the morning of 6-8-2021. Please let me know when you get this mail.

Thank you for your time.

Trevis Ragsdale