UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TREVIS RAGSDALE,

                        Plaintiff,        Case # 21-CV-6188-FPG

v.

                                         DECISION AND ORDER

CONFER, et al.,

                       Defendant.

**BACKGROUND**

On June 11, 2021, *Pro Se* Plaintiff Trevis Ragsdale ("Plaintiff") filed the operative complaint in this action (the "Amended Complaint") pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. ECF No. 6. On July 8, 2021, this Court issued an Order pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a) in which it dismissed with prejudice: (1) Plaintiff's retaliation claims; and (2) all of Plaintiff's claims against Defendant Superintendent Thoms. ECF No. 9 at 16. Thoms was subsequently terminated from this action. The Court also directed the Clerk of Court to (1) add Courtwright and E. Lepkawski as Defendants in this action; and (2) cause the United States Marshals Service to serve copies of the Summons, Amended Complaint, and the Court's Order upon Defendants Stanton, Masocco, Mathewson, Confer, McCormick, Courtwright, Lepkawski, and McCarrick. *Id.*

On August 25, 2021, Defendants Confer, Courtwright, Lepkawski, Masocco, Mathewson, McCarrick, and Stanton filed an Answer to Plaintiff's Amended Complaint. ECF No. 11. On September 1, 2021, United States Magistrate Judge Marian W. Payson issued an Order directing Plaintiff to provide any additional information he had regarding Defendant "McCormick," since counsel for the Defendants had indicated that "McCormick" could not be identified. ECF No. 14 at 1. Plaintiff responded to Judge Payson's request with a letter dated September 9, 2021, which

1

included both a physical description of "McCormick" and information regarding his work schedule and nickname, "Mack."  ECF No. 19 at 1.

On September 17, 2021, Plaintiff filed a motion for summary judgment requesting that the Court "grant summary judgment for Plaintiff on the issues that are undisputed facts."  ECF No. 16 at 1.  That same day, Plaintiff filed another motion in which he requested that the Court (1) "den[y] Defendants['] damand [sic] judgment dismissing Plaintiff's complaint together with the cost and disbursements of this action," and (2) "to . . . have the U.S. Marshals try to serve [D]efendant McCormick again."  ECF No. 17 at 2.  Plaintiff's motion then proceeds to address each of the Defendants' affirmative defenses.  *See* ECF No. 17 at 2-3.

On September 21, 2021, Judge Payson directed the Attorney General to "attempt to ascertain the identity of [D]efendant McCormick based upon the additional information provided by [P]laintiff," and to obtain a proper address once McCormick was identified pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997) (per curiam).  ECF No. 21 at 1.

On October 7, 2021, Plaintiff filed a motion to appoint counsel.  ECF No. 22.  That motion remains pending.  On October 13, 2021, the Defendants filed a response in opposition to Plaintiff's summary judgment motion.  ECF No. 23.  On October 20, 2021, Plaintiff filed a motion requesting additional time to reply to Defendants' response.  ECF No. 25.  A few days later, on October 22, 2021, Plaintiff filed a motion seeking to "withdraw his motion for summary judgment with permission to re-file in the future once he is able to retain counsel."  ECF No. 26 at 1.

On November 2, 2021, Judge Payson again ordered the Attorney General to attempt to ascertain the identity of Defendant McCormick since no response had been received based upon the Court's September 21, 2021 Order.  ECF No. 27 at 1.  On November 9, 2021, the Court received a Declaration from a New York State Department of Corrections and Community Supervision

2

("NYSDOCCS") employee, Stacy Warne, who is not a party to this action. ECF No. 28. Warne indicated that attempts had been made to locate a "McCormick" but no such person exists who fits Plaintiff's descriptions or worked in the locations at the facility that Plaintiff identified. *Id.* at 2. Warne suggested that "the person Plaintiff is describing is most likely CO McCarrick, who Plaintiff already named as a Defendant in this lawsuit and who Answered the Complaint." *Id.*

Currently pending before the Court are (1) Plaintiff's motion for summary judgment, ECF No. 16; (2) Plaintiff's motion to "den[y] Defendants['] damand [sic] judgment dismissing Plaintiff's complaint together with the cost and disbursements of this action," and "to . . . have the U.S. Marshals try to serve [D]efendant McCormick again," ECF No. 17; (3) Plaintiff's motion for an extension of time to file a reply to Defendants' response to his summary judgment motion, ECF No. 25; and (4) Plaintiff's motion to withdraw his summary judgment motion, ECF No. 26.[1]

## DISCUSSION

Plaintiff's request to withdraw his summary judgment motion, ECF No. 26, is GRANTED. Therefore, Plaintiff's motion for summary judgment, ECF No. 16, is DENIED AS WITHDRAWN. Even if Plaintiff had not withdrawn his motion, the Court would have denied it without prejudice as premature. *See Testaccio v. Rahim*, No. 21-CV-1916, 2021 WL 1999411, at *1 (E.D.N.Y. May 19, 2021). Plaintiff may renew his motion for summary judgment at the appropriate juncture. Plaintiff's motion for an extension of time to file a reply brief, ECF No. 25, is DENIED AS MOOT because, Plaintiff's summary judgment having been withdrawn, there is no need to reply at this time.

---

[1] Plaintiff's motion for appointment of counsel, ECF No. 22, is also pending before Judge Payson pursuant to this Court's Referral Order dated August 26, 2021. ECF No. 12.

3

Next, the Court considers Plaintiff's motion to "den[y] Defendants['] damand [sic] judgment dismissing Plaintiff's complaint together with the cost and disbursements of this action," and "to . . . have the U.S. Marshals try to serve [D]efendant McCormick again." ECF No. 17. The Court considers each request in turn. Based on the content of Plaintiff's motion, the Court understands Plaintiff's motion to "den[y] Defendants['] damand [sic] judgment" to be asserting a point-for-point factual response to Defendant's Answer. *See id.* at 2. The Court liberally construes this request as a motion to strike Defendants' Answer. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). "Plaintiff's disagreement with the statements in the answer[ ] is not a proper basis to strike." *Gunn v. Beschler*, No. 16-CV-6206, 2020 WL 7398751, at *2 (W.D.N.Y. Dec. 17, 2020) (denying *pro se* plaintiff's motion to strike the defendant's answers on the basis that "he disagrees with the factual assertions they contain."). Accordingly, Plaintiff's motion to strike Defendants' Answer is DENIED.

Finally, the Court considers Plaintiff's request to have the United States Marshals serve Defendant McCormick. Plaintiff's motion is DENIED WITHOUT PREJUDICE. Since this request was made on September 17, 2021, Judge Payson has, as detailed above, ordered the Attorney General to ascertain McCormick's identity and received a Declaration from an NYSDOCCS employee attesting that no one matching McCormick's name and description could be located. The Court cannot grant Plaintiff's request for service because McCormick's identity and whereabouts are yet unknown and previous attempts at service have failed.

At this point, and to avoid further delays in this lawsuit, the best course is for this case to move forward with "McCormick" as an unknown party and "[i]f the name or remainder of the name becomes known all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly." *Ceara v. Deacon*, 68 F. Supp. 3d 402, 407

(S.D.N.Y. 2014) (citing N.Y. C.P.L.R. § 1024 since "§ 1983 'derives its statute of limitations from state law'") .

> If none of the name is known, then a completely fictitious name may be utilized. However, such a designation can only be made if the designating party does not know all or part of the other party's name; otherwise the party must be designated to the extent that his or her name is known.

*Id.*

Accordingly, this case may proceed against "McCormick" and if the remainder of his name becomes known, "all subsequent proceedings shall be taken under the true name and all prior proceedings shall be deemed amended accordingly." *Id.* Plaintiff and the Attorney General's Office have each exercised due diligence in their efforts to ascertain "McCormick's" identity. *See* ECF Nos. 19, 28. At this time, those efforts have been exhausted this case should therefore proceed to discovery.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to withdraw his summary judgment motion, ECF No. 26, is GRANTED; Plaintiff's motion for summary judgment, ECF No. 16, is DENIED AS WITHDRAWN; Plaintiff's motion for extension of time to file a reply brief, ECF No. 25, is DENIED AS MOOT; Plaintiff's motion to strike Defendant's answer, ECF No. 17, is DENIED; and Plaintiff's motion to direct the United States Marshals to serve Defendant "McCormick" with the Amended Complaint, ECF No. 16, is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: April 6, 2022
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York

5