UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TREVIS RAGSDALE,

                        Plaintiff,

        v.

CONFER, et al.,

                        Defendants.

_____

<u>DECISION & ORDER</u>

21-CV-6188G

On February 25, 2021, *pro se* plaintiff Trevis Ragsdale commenced this action against the defendants pursuant to 42 U.S.C. § 1983 arising from an incident in which he was allegedly assaulted and injured by various correctional officers while incarcerated at Five Points Correctional Facility.  (Docket ## 1, 6).  Currently pending before this Court is plaintiff's motion for the appointment of counsel.  (Docket # 22).

It is well-settled that there is no constitutional right to appointed counsel in civil cases.  Although the Court may appoint counsel to assist indigent litigants pursuant to 28 U.S.C. § 1915(e), *see, e.g.*, *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir. 1988), such assignment of counsel is clearly within the judge's discretion.  *In re Martin-Trigona*, 737 F.2d 1254, 1260 (2d Cir. 1984).  The factors to be considered in deciding whether or not to assign counsel include the following:

1.      Whether the indigent's claims seem likely to be of substance;

2.      Whether the indigent is able to investigate the crucial facts concerning his claim;

3.      Whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder;

4.      Whether the legal issues involved are complex; and

5.      Whether there are any special reasons why appointment of counsel would be more likely to lead to a just determination.

*Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997); *see also Hodge v. Police Officers*, 802 F.2d 58, 61-62 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause."  *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989).  Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, *Hendricks v. Coughlin*, 114 F.3d at 392; *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [plaintiff's] chances of prevailing are therefore poor."  *Carmona v. United States Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law and finds, pursuant to the standards stated by *Hendricks*, 114 F.3d at 392, and *Hodge v. Police Officers*, 802 F.2d at 61-62, that the appointment of counsel is not warranted at this time. As stated above, a plaintiff seeking the appointment of counsel must demonstrate a likelihood of success on the merits.  *See id*.  Plaintiff has not done so at this stage.  Moreover, the legal issues

in this case – use of excessive force, failure to protect, denial of medical care, and denial of due process – do not appear to be complex.

Although plaintiff maintains that his ability to read and write is limited, his conduct in prosecuting this matter thus far suggests that he is capable of understanding and handling the litigation.  He has drafted a lengthy complaint and submitted an amended complaint in accordance with the district court's screening order.  (Docket ## 1, 3, 6).  Additionally, he has filed several motions seeking relief from the Court (Docket ## 4, 5, 7, 16, 17, 22, 25, 26), demonstrating his ability to seek court intervention when he believes it is warranted.  Finally, plaintiff's case does not present any other special reasons justifying the assignment of counsel.

On this record, plaintiff's request for the appointment of counsel **(Docket # 22)** is **DENIED without prejudice** at this time.  It is plaintiff's responsibility to retain an attorney or continue with this lawsuit *pro se*.  28 U.S.C. § 1654.

**IT IS SO ORDERED.**

_____
    *s/Marian W. Payson*
      MARIAN W. PAYSON
    United States Magistrate Judge

Dated: Rochester, New York
       May 10, 2022

3