**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

**TREVIS RAGSDALE,**

|                      |                                      |
|----------------------|--------------------------------------|
| Plaintiff,           | **STIPULATION OF**                   |
|                      | **VOLUNTARY DISMISSAL**              |
| -vs-                 |                                      |
| **CONFER, et. al.,** | **6:21-cv-06188-FPG-MWP**            |
| Defendants.          |                                      |

---

### STIPULATION OF VOLUNTARY DISMISSAL
### PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, Trevis Ragsdale,

and Defendant Thomas Lepkowksi ("Defendant") that the above-captioned action is voluntarily

dismissed, with prejudice against Defendants pursuant to the Federal Rules of Civil Procedure

41(a)(1)(A)(ii) in accordance with the terms set forth in the following Stipulation of Settlement,

General Release, and Order of Dismissal.

_____10  31_, 2024                                    _____11  1_, 2024

_Trevis Ragsdale_                                     _[signature]_

Trevis Ragsdale                                       John Marsella
Plaintiff, Pro Se                                     Assistant Attorney General, Of Counsel
                                                      NYS Office of the Attorney General
                                                      144 Exchange Boulevard,
                                                      Suite 200
                                                      Rochester, New York 14614
                                                      john.marsella@ag.ny.gov

**IT IS SO ORDERED,**

_____, 2024                                _____
Rochester, New York                                  HON.  FRANK P. GERACI, JR.
                                                      UNITED STATES DISTRICT COURT JUDGE
                                                      WESTERN DISTRICT OF NEW YORK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TREVIS RAGSDALE,

                              Plaintiff,

            -vs-

CONFER, et. al.,

                            Defendants.

**STIPULATION OF SETTLEMENT
GENERAL RELEASE, AND ORDER
OF DISMISSAL**

**6:21-cv-06188-FPG-MWP**

## STIPULATION OF SETTLEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("SETTLEMENT AGREEMENT")

This Settlement Agreement is made by and between Plaintiff, Trevis Ragsdale ("Plaintiff"), and Defendant Thomas Lepkowski ("Defendant") (Plaintiff and Defendant, collectively, "the Parties")

**WHEREAS**, Plaintiff commenced the above-captioned action by filing a Complaint on or about February 25, 2021, (*ECF 1*), alleging claims against Defendant and other New York State Department of Corrections and Community Supervision employees pursuant to 42 U.S.C. § 1983; and

**WHEREAS**, the claims and allegations asserted in the above-captioned action, together with all related filings and proceedings, constitute "the Action"; and

**WHEREAS**, by the Stipulation of Voluntary Dismissal Pursuant to F.R.C.P. 41(a)(1)(A)(ii), all claims against Defendants are dismissed, with prejudice; and

**WHEREAS**, Defendant expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in the Action whatsoever; and

WHEREAS, the Parties desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action;

NOW, THEREFORE, in consideration of the mutual promises, covenants, representations, and other consideration contained in this Settlement Agreement, the Parties hereby stipulate and agree, and the Court orders, as follows:

1.     **Dismissal of the Action with Prejudice.** The Action and all claims asserted therein are hereby dismissed, with prejudice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

2.     **Payments to Plaintiff.** For and in consideration of Plaintiff's execution of this Settlement Agreement, their agreement to be bound by its terms, and their undertakings as set forth herein including, but not limited to, the dismissal of the Action with prejudice and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other taxes, liens or setoffs as set forth below, the State of New York, on behalf of Defendants, shall pay the total sum of <u>five thousand eight hundred</u> Dollars and <u>zero</u> Cents (<u>$5,800.00</u>), for which the Office of the New York State Comptroller shall issue any and all appropriate Internal Revenue tax forms, as follows:

a.   The State of New York, on behalf of Defendants, shall pay the gross sum of <u>five thousand eight hundred</u> Dollars and zero Cents (<u>$5,800.00</u>) in full and complete

3

satisfaction of any and all claims, allegations, or causes of action for compensatory damages (including, but not limited to, pain and suffering, mental and emotional anguish and trauma, reputational damages, punitive damages, and liquidated damages). The foregoing payment shall be made payable to "Trevis Ragsdale" and mailed to Trevis Ragsdale, 04-A-5085, Clinton Correctional Facility, Box 2001, Dannemora, NY 12929.

3.  **State Approval of Payments.** Payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement is conditioned upon and subject to the approval of all appropriate State officials in accordance with N.Y. Pub. Off. Law § 17. Plaintiff and Plaintiff's attorneys agree to execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment including, but limited to, Plaintiff's Affirmation of Medicare Status as set forth below.

4.  **Accrual of Interest.** In the event that payment of the amount(s) specified in Paragraph 2 of this Settlement Agreement has not been made by the one hundred twentieth (120th) day after receipt by the Office of the Attorney General ("OAG") of a "So Ordered" copy of this Agreement, entered into the record by the Clerk of Court, together with all other documentation required under this Settlement Agreement, interest on any part of the settlement amount not paid by the one hundred twentieth (120th) day shall accrue at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred twenty-first (121st) day after receipt by the Office of the Attorney General of all documentation required in this Settlement Agreement. However, if the provisions of N.Y. Exec. Law § 632-a apply to Plaintiff and the payment to Plaintiff of any amount(s) specified in Paragraph 2 of this Settlement Agreement constitutes "funds of a convicted person" under the Son of Sam Law, the one hundred and

4

twenty (120) day period shall be extended by an additional thirty (30) days to allow for compliance with that law.

5. **Responsibility for Taxes.** It is understood and agreed that any taxes, or interest or penalties on taxes, which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendant or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendant and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6. **Responsibility for Liens and Setoffs.** It is understood and agreed that any liens, setoffs, deductions, or recoupments of any kind (including, but not limited to, any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation or benefits, or child support liens) which may attach to the payment(s) specified in Paragraph 2 of this Settlement Agreement, by operation of law or otherwise, shall be the sole and complete responsibility of Plaintiff, and that Plaintiff shall have no claim, right or cause of action against Defendant or the State of New York (including, but not limited to, any and all present and

former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) on account of such taxes, interest or penalties. Plaintiff agrees that they will defend, indemnify, and hold harmless Defendant and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity), in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such any liens, setoffs, deductions, or recoupments.

7.    **Medicare Certification.** Plaintiff represents and warrants that they are not currently a Medicare recipient and/or Medicare eligible, have never been on Medicare or Social Security Disability Insurance, that no conditional payments have been made on their behalf by Medicare, and further that they do not expect to be Medicare eligible and/or a Medicare recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed Affirmation of Medicare Status in the form annexed hereto as Exhibit A ("Medicare Affirmation") to the Office of the Attorney General. Plaintiff acknowledges and understands that receipt of a fully executed Medicare Affirmation by the Office of the Attorney General, together with any required supporting documentation, is a prerequisite to payment of the settlement amount(s) referenced in Paragraph 2 herein, and falls within the category of "other documentation" and "required documentation" described throughout this Settlement Agreement.

8.    **Responsibility for Medicare Payments or Medicare Liens.** Plaintiff agrees to

6

defend, indemnify, and hold harmless Defendant and the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) for any liens or past or future Medicare payments presently known or unknown in connection with the Action. If conditional or future anticipated Medicare payments have not been satisfied, Defendant and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the settlement amount(s) specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation, payment of the settlement amounts specified in Paragraph 2 of this Settlement Agreement shall be made in accordance with the terms set forth herein.

9.    **General Release.** for and in consideration of the payment of $5,800.00 Plaintiff, on behalf of himself, heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), releases and forever discharges the State of New York, DOCCS, and Defendant, together with their present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, heirs, and assigns, whether in an individual or official capacity, or any of them, or all of them (collectively, "the Released Parties") from all manner of claims, actions, proceedings, suits, grievances, administrative charges, injuries, debts, obligations, dues, sums of money, accounts, contracts, agreements, promises, damages, judgments, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any,

7

or all of the Released Parties, related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the complaint and all related filings and proceedings. Plaintiff does not waive or release any nonwaivable statutory protections. Plaintiff does not waive or release claims that may arise after Plaintiff executes the Settlement Agreement. Additionally, nothing in the release prohibits Plaintiff from speaking with law enforcement, the Equal Employment Opportunity Commission, the State Division of Human Rights, a local commission on human rights, or an attorney, or testifying, assisting, or participating in an investigation, hearing, or proceeding conducted by any state, federal, or local government agency.

10.    **No Other Action or Proceeding.** Other than the Action, Plaintiff represents that they have not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on their own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement. If such action exists, Plaintiff further agrees to release and discontinue all actions against the Defendant, the New York State Department of Corrections and Community Supervision, the State of New York, including its agencies, subdivisions, employees, private contractors or assignees, of any and all claims, demands, or causes of action, known or unknown, now existing or hereafter arising, whether presently asserted or not, with prejudice and shall execute a separate document discontinuing each such lawsuit that can be filed once executed by the Plaintiff and "so ordered" by the Court

8

11.    **No Attorneys.**  Plaintiff represents and warrants that, there are no attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

12.    **No Prevailing Party.** Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose including, but not limited to, any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

13.    **No Admission of Liability.** It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation, and that this Settlement Agreement and the actions taken or payments made pursuant hereto are not to be construed as constituting any determination on the merits of any claims in the Action or as constituting any admission of wrongdoing or liability on the part of Defendant or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity). Nothing contained in this Settlement Agreement shall be deemed to constitute a policy, practice, or custom of Defendant or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity).

14.    **No Precedential Value.** This Settlement Agreement shall not in any manner be construed as determinative of the issues or claims raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any

paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendants or the State of New York (including, but not limited to, any and all present and former agencies, departments, divisions, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, agents, attorneys, insurers, and assigns, whether in an individual or official capacity) in any pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any and all available defenses.

15.    **Authority.** Each signatory to this Settlement Agreement hereby represents and warrants that they have the requisite authority to enter into this Settlement Agreement and have not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

16.    **Voluntary Agreement.** Plaintiff represents that they have carefully read and fully understand all provisions of this Settlement Agreement, including the General Release. Plaintiff represents that they have executed and delivered this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that they understand its terms, contents, and effect. Plaintiff acknowledges that no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

17.    **Negotiated Agreement.** The Parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

18.    **Binding Effect on Successors and Assigns.** The terms and conditions of this

Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

19.    **Entire Agreement.** This Settlement Agreement constitutes the entire agreement between the Parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

20.    **Governing Law.** The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law may apply to Plaintiff's release and waiver of federal claims included in this Settlement Agreement.

21.    **Severability.** If any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

22.    **Headings.** The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

23.    **Counterparts.** This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

24.    **Submission to the Court.** This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

WHEREFORE, the Parties hereto acknowledge that they have read this Settlement Agreement and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

~~July~~ ___, 2024

*Trevis Ragsdale*

Trevis Ragsdale
Plaintiff, Pro Se

11/1/2024
~~July ___, 2024~~

John Marsella
Assistant Attorney General, Of Counsel
NYS Office of the Attorney General
144 Exchange Boulevard,
Suite 200
Rochester, New York 14614
john.marsella@ag.ny.gov

# Exhibit A

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TREVIS RAGSDALE,

                              Plaintiff,              **AFFIDAVIT OF STATUS OF**
                                                      **MEDICARE ELIGIBILITY**

                -vs-

CONFER, et. al.,                               **6:21-cv-06188-FPG-MWP**

                              Defendants.

        **Trevis Ragsdale.**, being duly sworn, deposes and says:

1.     I am the plaintiff in the above-entitled action, I am a citizen of the United States, I reside at

_Upstate Correctional Facility, P.O. Box 2000, Malone. New York_

2.     I make this affidavit with full knowledge that it will be relied upon by the State of New

York, its agents, employees and representatives ("OAG") in connection with the judgment

in/settlement of this action against the defendant(s) and specifically as it relates to OAG's

obligations to comply with the reporting requirements of Section 111 of the Medicare, Medicaid

and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP").

3.     I understand that a query has been / will be made pursuant to Section 111 of the Medicare,

Medicaid and SCHIP Extension Act of 2007, 42 US.C. 1395(B)(8) to verify my current Medicare

status.

4.     I hereby acknowledge and understand that, as mandated by CMS and promulgated by and

through its rules and regulations including but not limited to the MMSEA and/or MSP, I am

required to:

a.     reimburse Medicare from the judgment/settlement herein for *conditional payments* Medicare has made for treatment of injuries alleged in this action; and

b.     utilize the judgment/settlement proceeds to pay for future medical expenses, when those expenses are for care or treatment related to the injuries covered by the allegations in this litigation.

5.     I further acknowledge that the information provided herein will be relied upon by defendants and OAG as true and accurate and, when applicable, will be used for reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 or as deemed necessary or required by the defendants and OAG.

6.     I hereby agree to promptly provide OAG with any and all information that OAG deems necessary and required for its reporting pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

## PEDIGREE INFORMATION

7.     I have been known by (include all alias name[s], former name[s] and/or maiden name[s]) the following names: Trevis Ragsdale                          . I hereby acknowledge that I can be identified by this/these name(s) and all these names do, indeed, refer to me.

8.     I consent to allow OAG to verify my current Medicare eligibility for purposes of its compliance with Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007.

9.     I affirm that:

a.     my social security number is ███████ ;
b.     my date of birth is ████████ and
c.     my gender is <u>male</u>.

## CURRENT MEDICARE ELIGIBILITY

*✐ Initial and affirm applicable current Medicare eligibility status ✐*

10.    As of the date of this affidavit:

a.    ✐ T.R.    I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

### OR

b.    ✐_____    I am a Medicare Beneficiary, and my Medicare number [HIC #] is _____. I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans or Medi-Gap Plans and collectively referred to as "Medicare") for payments and/or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this personal injury action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the [judgment/settlement] of this personal injury action; and

i.    ✐_____    Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's Conditional Payment letter and/or Final Demand Letter)*; or

ii.    ✐_____    Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)*. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

iii.    ✐_____    I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to HEATHER L. MCKAY, AAG and to OAG's Medicare Compliance Officer via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the judgment of/settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter and/or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter and/or Final Demand Letter (referred to, respectively, as Medicare's Letter), I consent to the payment, directly from the total proceeds of the judgment in/settlement of the above-captioned litigation, of the sum stated in Medicare's Letter as the sum that Medicare will accept as full and final reimbursement of all Medicare payments made to date.

16

## FUTURE MEDICARE ELIGIBILITY
*✍ Initial and affirm applicable future Medicare eligibility status ✍*

11.    As of the date of this affidavit:

a.    ✍ T.R.    I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the judgment/settlement of the above-captioned litigation. I affirm that I:
  i.    I have not applied for social security disability (SSDI);
  ii.    have not been denied SSDI and anticipating appealing that decision;
  iii.    am not in the process of appealing or re-filing for SSDI;
  iv.    am not 62.5 years or older; and
  v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

### OR

b.    ✍ _____    I am not current a Medicare Beneficiary. However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the judgment/settlement of the above-captioned litigation and

  i.    ✍ T.R.    I do not require any future treatment for injuries that are the subject of this personal injury action. The required certification(s) for the injuries alleged in the complaint, and any subsequent amendments or supplements thereto, is attached. The attached certification confirms that there is no anticipated future treatment required for the injuries sustained in the within personal injury action; or

  ii.    ✍ _____    I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries of this personal injury action; or

  iii.    ✍ T.R.    I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

**OR**

c.        ✒ _N̂O_        I am currently a Medicare Beneficiary and

    i.        ✒ _T.R_        I do not require any future treatment for injuries that are the subject of this personal injury action. The required certification(s) for the injuries alleged in the complaint, and any subsequent amendments or supplements thereto, is attached. The attached certification confirms that no anticipated future treatment is required for the injuries that are the subject of this personal injury action; or

    ii.        ✒ _N̂O_        I do require future treatment for the injuries that are the subject of this personal injury action. In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable to _____ from the total proceeds of the above-captioned litigation. I affirm this sum will be used for future medical expenses relating to the injuries that are the subject of this personal injury action; or

    iii.        ✒ _T.R._        I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree that, if I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from the judgment in/settlement of this action to pay for any medical expenses relating to such injuries.

DATED: _October 28, 2024_

_Trevis Ragsdale_
TREVIS RAGSDALE

Sworn to before me this
_28th_ day of _October_, 2024.

_Laura Stone_
NOTARY PUBLIC

STATE OF NEW YORK        )
                        ) ss.:
COUNTY OF _Franklin_        )

```
LAURA STONE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 01ST0013586
Qualified in Franklin County
My Commission Expires Jan 3, 2031
```